120 F.3d 950
 Bankr. L. Rep. P 77,447, 97 Cal. Daily Op. Serv. 5592,
97 Daily Journal D.A.R. 9053
In re Reuben Lynn HILDE, Jr.; Maureen McDowell Hilde; Dr.
Lynn Hilde, Jr.; Maureen Hilde, Debtors.
SOUTHERN CALIFORNIA BANK, Plaintiff-Appellant,
v.
Patricia J. ZIMMERMAN, Chapter 7 Trustee, Defendant-Appellee.
 No. 95-56841.
 United States Court of Appeals,
Ninth Circuit.
 Submitted May 7, 1997.
Decided July 15, 1997.
 
 Judith Ilene Bloom, Clark & Trevithick, Los Angeles, CA (Leslie R. Horowitz, on the brief), for the appellant.
 Robert L. Goodrich, San Bruno, CA, for the appellee.
 Appeal from the Ninth Circuit Bankruptcy Appellate Panel. BAP No. CC-95-01185-OmJ; Ollason, Meyers and Jones, Judges, Presiding.
 Before: THOMPSON and T.G. NELSON, Circuit Judges, and FITZGERALD, District Judge.*
 DAVID R. THOMPSON, Circuit Judge:
 
 
 1
 Reuben Lynn Hilde and Maureen McDowell Hilde are debtors in Chapter 7 bankruptcy proceedings in the Central District of California. Southern California Bank (the Bank), a judgment creditor of the Hildes, appeals the decision of the Bankruptcy Appellate Panel (the BAP). The BAP held, reversing the bankruptcy court, that under 11 U.S.C. § 544, the Hildes' bankruptcy trustee could avoid the Bank's lien on the Hildes' nonexempt personal property because the Bank had not perfected its lien by the time the Hildes filed their bankruptcy petition. In re Hilde, 189 B.R. 776, 786 (9th Cir.BAP 1995).
 
 
 2
 The bankruptcy court and the BAP both determined that the issue whether the Bank's lien was avoidable depended upon whether the lien was "perfected."
 
 
 3
 Section 544 of the Bankruptcy Code makes the avoidance powers of the trustee contingent upon state law. See 11 U.S.C. § 544; Farm Credit Bank of St. Louis v. Lucas, 152 B.R. 244, 247 n. 3 (C.D.Ill.1993), rev'd on other grounds sub nom. Appeal of Swartz, 18 F.3d 413 (7th Cir.1994). Thus, "if perfection is not a concept under [state] law, then it is not a valid concept under the Bankruptcy Code." Id.
 
 
 4
 Because we conclude that section 708.110 of California's Code of Civil Procedure, the lien statute on which the Bank relies, contains no requirement for perfection of the Bank's lien, the Trustee cannot avoid the lien. Accordingly, we reverse the decision of the BAP.
 
 FACTS
 
 5
 In August 1992, the Los Angeles Superior Court awarded the Bank a judgment of $213,607.83 in a suit against the Hildes on a promissory note. In October 1992, at the Bank's request, the superior court issued an order, pursuant to California Code of Civil Procedure section 708.110, for the Hildes to appear for a debtor's examination. The Bank served Maureen Hilde with the order to appear (ORAP) on November 14, 1992 and served Reuben Hilde on December 10, 1992. The record is unclear whether a debtor's examination actually took place, but it is uncontested that the superior court never issued an order for the Hildes to turn over any property to the Bank.
 
 
 6
 The Bank argues that it obtained an ORAP lien against all of the Hildes' nonexempt personal property simply by serving the orders to appear. It relies on California Code of Civil Procedure section 708.110(d), which provides in relevant part that "[s]ervice of the order creates a lien on the personal property of the judgment debtor...." Cal.Civ.Proc.Code § 708.110(d) (1984).[1]
 
 
 7
 On April 22, 1993, more than ninety days after the Bank served the Hildes with the order to appear, the Hildes filed a Chapter 11 bankruptcy petition.[2] The bankruptcy court later converted the proceedings to Chapter 7 and appointed Patricia Zimmerman (Trustee) as the trustee. In the course of administering the bankruptcy estate, the Trustee sold several items of personal property. The Bank did not dispute the terms of these sales, but demanded payment of the proceeds under its ORAP lien.
 
 
 8
 The Trustee refused to turn over the proceeds, so the Bank filed an adversary proceeding against the Trustee. The bankruptcy court granted the Bank's motion for summary judgment, holding that the Bank's ORAP lien was valid against the Trustee. The BAP reversed, holding that the ORAP lien was not "perfected" and that under section 544 of the Bankruptcy Code the Trustee could avoid the lien. Hilde, 189 B.R. at 786. This appeal followed.
 
 DISCUSSION
 
 9
 The California Legislature enacted Code of Civil Procedure section 708.110 in 1982 as part of its Enforcement of Judgments Law (EJL) (Cal.Civ.Proc.Code § 680.010 et seq.). Among other things, California's EJL codified the manner in which three types of liens relevant to this case are created in the context of a judgment debtor's examination.[3]
 
 
 10
 A lien is created on all of the debtor's nonexempt personal property when the debtor is served with an order to appear for a debtor's examination. Cal.Civ.Proc.Code § 708.110(d). A lien is also created on the debtor's personal property in the hands of a third party when the third party is served with notice to appear for an examination. Cal.Civ.Proc.Code § 708.120. These two liens are referred to as "ORAP" liens.
 
 
 11
 A third type of lien is created upon the issuance of a turnover order by the court at the conclusion of a debtor's examination. Cal.Civ.Proc.Code § 708.205(a). This lien relates back to the earlier ORAP lien. Cal.Civ.Proc.Code § 697.020; 16 Cal. L.Rev. Comm'n Reports 1039 (1982).[4]
 
 
 12
 California Code of Civil Procedure section 708.110 provides: "Service of the order [for appearance of a judgment debtor] creates a lien on the personal property of the judgment debtor ... from the date of the order...." Cal.Civ.Proc.Code § 708.110(d) (emphasis added). California Civil Code section 2897 provides that "[o]ther things being equal, different liens upon the same property have priority according to the time of their creation ...." Cal. Civ.Code § 2897 (emphasis added). Thus, the statutory language makes clear that service of the order to appear is all that is required to create and to establish the priority of the ORAP lien.
 
 
 13
 Nothing in either statute refers to "perfection." Nor does California Code of Civil Procedure section 708.110 suggest that creation of the ORAP lien by service of the order to appear is contingent upon some further act by the creditor or the court. In addition, a lien arising under section 708.110 has "the same effect as is given an execution lien where the property is not in custody of a levying officer...." 16 California Law Revision Commission Reports (Cal. L.Rev. Comm'n Reports) 1307 (1982).
 
 
 14
 The BAP conceded that the Bank's lien was "created" under section 708.110 when the order to appear was served on the Hildes, but added a requirement (not within the statute) that to be "perfected" the Bank had to obtain a turnover order under section 708.205. See Hilde, 189 B.R. at 782. Because the Bank did not obtain a turnover order, the BAP held it had not "perfected" its lien, and as a result the lien did not have priority over the claim of the Trustee in bankruptcy.
 
 
 15
 The BAP erred in this holding. Nothing in section 708.110 or section 708.205 requires a creditor to obtain a turnover order as a condition precedent to perfection of an ORAP lien. Indeed, "perfection" of the lien is not even required. According to the plain language of the statute, the Bank's lien arose when it served the orders to appear on the Hildes. Cal.Civ.Proc.Code § 708.110. This lien still existed more than 90 days later when the Hildes filed their petitions in bankruptcy, and had priority over the Trustee's claim to the Hildes' nonexempt personal property.
 
 
 16
 This analysis is consistent with California's statutory scheme. When referring to judgment liens, the California Legislature consistently prescribes the manner for "creating" liens. Chapter 2 ("Liens") of the EJL is divided into five articles: (1) General Provisions, (2) Judgment Liens on Real Property, (3) Judgment Liens on Personal Property, (4) Execution Liens, and (5)"Other Liens." In each of these five articles, California's Code of Civil Procedure refers to "creation" of the lien.[5] Uniformly, these references do not mention "perfection" of any of the liens.
 
 
 17
 California's statutory scheme is further revealed by its treatment of related lien requirements. When the California legislature enacted the EJL in 1982, it amended the language of related Code of Civil Procedure section 486.110. That related section formerly dealt with the creation of a lien based on a temporary protective order and the effect of a subsequent lien under a writ of attachment.
 
 
 18
 Prior to 1982, section 486.110 read in part: "The levy of a writ of attachment perfects the lien created by the service of the temporary protective order." Cal.Civ.Proc.Code § 486.110(b) (West 1979) (emphasis added). In 1982, section 486.110 was moved in part to California Code of Civil Procedure section 488.500(e) and the language was changed to read, "If an attachment lien is created on property that is subject to the lien of a temporary protective order ... the priority of the attachment lien relates back to the date the earlier lien was created." See Cal.Civ.Proc.Code § 488.500(e) (emphasis added) and comment. This change in language (removing the term "perfects") is further evidence that perfection is not required as part of California's statutory scheme unless a statute requires perfection. The California legislature did not require "perfection" of an ORAP lien in addition to "creation." And, where perfection is not required under state law, neither is it required under the Bankruptcy Code. Farm Credit Bank, 152 B.R. at 247 n. 3.
 
 
 19
 Additionally, California Code of Civil Procedure section 697.920 provides that property subject to an ORAP lien remains subject to the lien even after a transfer unless the transferee is excepted from the lien under the special class exception listed in section 697.740. Cal.Civ.Proc.Code § 697.920. All of the Hildes' assets were transferred to the Trustee when they filed their petitions in bankruptcy. The Trustee does not claim to be excepted under the special class exception of section 697.740. Thus, the ORAP lien survived the Hildes' transfer of their assets to the Trustee, and the Trustee's interest in the Hildes' nonexempt personal property is subject to the Bank's previously created ORAP lien.
 
 
 20
 Our analysis is also supported by the discernible legislative intent relative to the applicable lien statutes. The California Law Revision Commission's comments suggest the legislature intended the EJL (which encompasses the ORAP lien statute) to allow judgment creditors a "speedy and inexpensive means ... to obtain priority over other creditors...." 16 Cal. L.Rev. Comm'n Reports 1051 (1982) (emphasis added) (footnote omitted). Further, the legislature intended to protect debtors by making available enforcement options with "less drastic disruption of the judgment debtor's business affairs than a levy of execution." Id.
 
 
 21
 With regard to a judgment lien on personal property (a lien created pursuant to California Code of Civil Procedure section 697.510), the California Law Revision Commission noted that a benefit of the lien was that it "pressures the judgment debtor to settle with the judgment creditor...." Id. "Ultimately, if the judgment lien does not result in voluntary compliance or a settlement, the judgment creditor may find it necessary to resort to an execution levy to enforce the lien." Id. These statements indicate that creditors need not seek immediate possession or turnover of a debtor's property, but may instead use a lien such as the ORAP lien as leverage to get the debtor to pay voluntarily.
 
 
 22
 Both the Trustee and the BAP rely on Imperial Bank v. Pim Elec., Inc., 33 Cal.App.4th 540, 550, 39 Cal.Rptr.2d 432, 439 (1995), to argue that California Code of Civil Procedure section 708.205 is the perfecting mechanism for an ORAP lien under section 708.110. We disagree. Imperial Bank dealt with an already issued turnover order, not with an ORAP lien. The Imperial Bank opinion, therefore, appropriately discussed relation back of the turnover order lien to the ORAP lien. Imperial Bank does not suggest that a turnover order is necessary to "perfect" an ORAP lien.
 
 
 23
 The Trustee also points to the Comment to California Code of Civil Procedure section 708.120(c), which compares section 708.120(c) to section 708.110(d). This Comment states that when a turnover order is issued, the lien thus created by that mechanism relates back to the service of the order to appear. Cal.Civ.Proc.Code § 708.120(c) (comment). The Trustee contends this indicates it is necessary for a creditor to get a turnover order to perfect an ORAP lien. We disagree. The Comment merely restates the rule that in a series of overlapping liens, the latest lien will relate back to the creation of the first. See Cal.Civ.Proc.Code § 697.020; 16 Cal. L.Rev. Comm'n Reports 1039 (1982).
 
 
 24
 The BAP compared the liens arising under California's debtor examination proceedings to a charging order lien (one of the "other liens" of Article 5). Hilde, 189 B.R. at 784. The BAP noted that a lien arising upon service of a motion for a charging order is extinguished if the charging order is later denied. Id. (citing Cal.Civ.Proc.Code § 708.320(b)). The BAP concluded, "In this way, the charging order lien may be considered to be perfected at time of the issuance of the charging order, and it would relate back to the time of the service of the motion. See [In re ] Raiton, 139 B.R. [931,] 935 [ (9th Cir. BAP 1992) ]." Id.
 
 
 25
 The BAP's charging order comparison is off the mark. ORAP liens exist from the date the order to appear is served and they last for one year. See Cal.Civ.Proc.Code § 708.110(d). The ORAP lien statute, unlike the charging order statute, omits any requirement of a court order to perfect the lien. "[W]hen a statute omits a specific matter from its coverage, the inclusion of such a matter in another statute on a related subject demonstrates an intent to omit the matter from the coverage of the statute in which it is not mentioned." California Coastal Comm'n v. Quanta Inv. Corp., 113 Cal.App.3d 579, 599, 170 Cal.Rptr. 263, 274 (1980).
 
 
 26
 The one treatise on California law which directly addresses this issue clearly supports the Bank's position. Bankruptcy Judge Alan M. Ahart, writing in the Rutter Group's California Practice Guide, Enforcing Judgments and Debts, states:
 
 
 27
 Finally, since the [ORAP] lien does not disturb the debtor's possession of property, there is a good chance it will become "seasoned"-i.e., the debtor will not file bankruptcy until after expiration of the 90-day period for setting aside preferential transfers under Bank. C. § 547.... As a result, the [ORAP lien] creditor should have a lien on all of the debtor's nonexempt personal property-senior to priority creditors in bankruptcy and superior to the rights of the bankruptcy trustee (who stands in the debtor's shoes as to judicial liens).
 
 
 28
 Alan M. Ahart, California Practice Guide: Enforcing Judgments & Debts p 6:1306 (The Rutter Group 1995).
 
 
 29
 Although the BAP dismissed this statement in a footnote, commenting, "[T]his statement is made in a 'practice pointer' and is not dispositive," Hilde 189 B.R. at 783 n. 7, we believe Judge Ahart's comments are cogent and persuasive.
 
 
 30
 Finally, as justification for not upholding the Bank's ORAP lien, the Trustee argues that the ORAP lien is a "secret" lien. The Trustee contends that other creditors and a bankruptcy trustee will not know whether a judgment creditor has served an order for appearance of a judgment debtor and, therefore, the lien is "secret." They argue further that, unaware of the lien's existence, other creditors might (as the Trustee did in this case) expend the time, effort and expense to recover property from the debtor and attempt to sell it, only to have the property whisked away at the last moment by the holder of the "secret lien."
 
 
 31
 Although the BAP accepted this argument, we reject it. To the extent the operation of the ORAP lien creates a problem, the problem is one for the California legislature to solve.
 
 
 32
 Apart from a legislative solution, the trustee in bankruptcy is not without options to deal with the situation. The Trustee can ask the bankruptcy debtor if he has ever been served with an order to appear for a debtor's examination. The trustee can also examine court files for lawsuits in which the debtor has been sued to determine whether a judgment remains unsatisfied. The register of actions might reflect whether an order for appearance at a debtor's examination has been issued. In addition, the trustee can contact the debtor's judgment creditors to determine whether any of them held a lien at the time the petition in bankruptcy was filed.
 
 
 33
 In any event, our job is not to second guess the California legislature but to apply California's lien statutes according to their plain language.
 
 CONCLUSION
 
 34
 The plain language of California's applicable lien statutes, the statutory scheme, the legislative intent and persuasive scholarly comment all make clear that under California Code of Civil Procedure section 708.110:(1) an ORAP lien is created simply by service on the debtor of an order to appear for a debtor's examination; and (2) the lien thus created has priority over the claim of a bankruptcy trustee in a bankruptcy proceeding which is filed more than ninety days after the ORAP lien is created. Because the Bank served the Hildes with ORAP orders to appear more than ninety days before the Hildes filed their bankruptcy petition, the Trustee cannot avoid the Bank's ORAP lien. Further, the ORAP lien attached to all of the Hildes' nonexempt personal property.[6]
 
 
 35
 The decision of the BAP is REVERSED. This case is remanded to the BAP for remand to the bankruptcy court, with instructions to enter judgment in favor of the Bank consistent with this opinion.
 
 
 36
 REVERSED and REMANDED.
 
 
 
 *
 The Honorable James M. Fitzgerald, United States District Judge for the District of Alaska, sitting by designation
 
 
 [1]
 Section 708.110(d) was amended by Stats.1993, c. 793 to specify the acceptable manner of service. This change is not relevant in this case. All references to the California statutes are to the language as it existed in 1992 unless otherwise noted
 
 
 [2]
 After ninety days bankruptcy trustees cannot avoid liens as preferential transfers under section 547 of the Bankruptcy Code. See 11 U.S.C. 547(b)(4)
 
 
 [3]
 A "lien" is a general term for a "charge imposed upon specific property, by which it is made security for the performance of an act." Cal.Civ.Proc.Code § 1180. A "judicial lien" is "a lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." Cal.Civ.Proc.Code § 1800(a)(4). A "security interest," however, "means a lien created by an agreement." Cal.Civ.Proc.Code § 1800(a)(8)
 
 
 [4]
 The relevant text of sections 708.110 and 708.205 is as follows:
 § 708.110. Order for examination; service; contents
 (a) The judgment creditor may apply to the proper court for an order requiring the judgment debtor to appear before the court, or before a referee appointed by the court, at a time and place specified in the order, to furnish information to aid in enforcement of the money judgment.
 ....
 (d) The judgment creditor shall personally serve a copy of the order on the judgment debtor not less than 10 days before the date set for the examination. Service of the order creates a lien on the personal property of the judgment debtor for a period of one year from the date of the order unless extended or sooner terminated by the court.
 Cal.Civ.Proc.Code § 708.110(a) & (d).
 § 708.205. Order for satisfaction of money judgment or forbidding transfer or payment
 (a) Except as provided in subdivision (b), at the conclusion of a proceeding pursuant to this article, the court may order the judgment debtor's interest in the property in the possession or under the control of the judgment debtor or the third person or a debt owed by the third person to the judgment debtor to be applied toward the satisfaction of the money judgment if the property is not exempt from enforcement of a money judgment. Such an order creates a lien on the property or debt.
 Cal.Civ.Proc.Code § 708.205(a).
 
 
 [5]
 In article 2, "a judgment lien on real property is created ... by recording an abstract of a money judgment with the county recorder." Cal.Civ.Proc.Code § 697.310(a) (emphasis added). In article 3, "[a] judgment lien on personal property ... is created by filing a notice of judgment lien in the office of the Secretary of State...." Cal.Civ.Proc.Code § 697.510(a) (emphasis added). Similarly, "[a] levy on property under a writ of execution creates an execution lien on the property...." Cal.Civ.Proc.Code § 697.710. Likewise, "[s]ervice of the [ORAP] order creates a lien on the personal property of the judgment debtor...." Cal.Civ.Proc.Code § 708.110(d)
 
 
 [6]
 The Trustee argues that no lien attached to the Hildes' shares of capital stock or their partnership interests because the Bank did not follow the procedures to levy upon such assets. We reject this argument. Although the California legislature has enacted specific provisions to enforce liens against corporate stock and partnership interests, this does not diminish the effect of an ORAP lien