In re Sara Newsome BURNS, Debtor.

Richard M. Kipperman, Chapter 7 Trustee, Appellant/Cross–Appellee,

v.

Bradley Proulx, Appellee/Cross–Appellant.

BAP Nos. SC–02–1020MaRyP, SC–02–1048–MaRyP.
Bankruptcy No. 99–33191–B7.
Adversary No. 01–90355.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Sept. 19, 2002.

Filed Dec. 19, 2002.

L. Scott Keehn, Robbins & Keehn, San Diego, CA, for Richard M. Kipperman, Chapter 7 Trustee.

Elizabeth Aronson, Sampson & Associates, San Diego, CA, for Bradley Proulx.

Before: MARLAR, RYAN and PERRIS, Bankruptcy Judges.

## OPINION

MARLAR, Bankruptcy Judge.

### INTRODUCTION

The chapter 7 trustee ("Trustee") has appealed the bankruptcy court's summary judgment in favor of a judgment creditor, who served an Order to Appear for Examination ("ORAP") on the judgment debtor and thus created a lien on his nonexempt personal property, under California law. Trustee maintains that the judgment creditor was required to serve a third-party ORAP because the property—a $150,000 settlement in federal district court litigation—was still in the possession of the payor United States of America ("United States") at the time. Within a year of service of the ORAP, the judgment debtor filed for bankruptcy protection and the United States paid the settlement money to the debtor's attorneys, who placed it in a client trust account.

The judgment creditor has cross-appealed the denial of his claim for an execution and levy lien, which he alleged arose upon service of a state-court turnover order.

We AFFIRM.

### FACTS

The operative facts are undisputed. Debtor Sara Newsome Burns ("Burns") was entitled to a *qui tam*[1] settlement of a lawsuit ("settlement money"), which had been commenced by the United States in district court in 1996 ("District Court action"). The District Court action was dismissed with prejudice pursuant to stipulation on June 28, 1996.

Creditor Bradley Proulx ("Proulx") obtained a $200,000 state court judgment against Burns in 1998. The judgment expressly ordered that one-third of the award would be paid from a portion of Burns' settlement money. Proulx recorded an Abstract of Judgment on November 6, 1998, thereby perfecting a lien on Burns' residence, pursuant to California Code of Civil Procedure ("CCP") § 697.310 (Deering 2002).

On November 10, 1998, Proulx served Burns with the Superior Court's "Order to Appear for Examination" ("ORAP") and "Turnover Order In Aid of Execution" ("Turnover Order"). The ORAP was an aid in the enforcement of the judgment and created a lien of one year's duration on Burns' nonexempt personal property, pursuant to CCP § 708.110(d) (the "ORAP Lien"). Pursuant to the Turnover Order, Burns was required to turn over to the Marshal of San Diego County any settlement monies due her from the District Court action. At that time, the United States owed Burns the settlement money, but had not yet paid it to her.

In January 1999, Burns filed a chapter 13 bankruptcy case. On February 19, 1999, the bankruptcy court ordered the United States to pay Burns her settlement money and ordered that the money be held in trust. On February 26, 1999, three and one-half months after service of the ORAP, the United States paid $150,000 directly to Burns' attorneys. The attorneys placed the settlement money into a Special Client Trust Account ("Cash Fund"). Thereafter, Burns voluntarily dismissed her chapter 13 case.

In August 1999, nine months after service of the ORAP, Burns filed the present chapter 7 petition. Thereafter, on October 14, 1999, the trust account was closed, and the Cash Fund was transferred to Trustee. Burns has never been in actual possession of the Cash Fund; it has always been in the actual possession of a third party.

Trustee filed a complaint to determine the nature and extent of Proulx's liens in the Cash Fund. Proulx moved for summary judgment, asserting that he was entitled to the Cash Fund on the basis of the ORAP Lien and that the Turnover Order created a lien ("Levy Lien") in Burns' nonexempt personal property.[2] Trustee opposed the motion and maintained that Proulx had no lien in the Cash Fund.

At the hearing on the summary judgment motion, the court ruled that Proulx had a secured claim in the Cash Fund as a result of his ORAP Lien.[3] Two related judgments were entered, which are the

---

**1.** According to the pleadings, Burns was the "whistle blower" in a medicare fraud action, entitled *United States ex rel Newsome v. Family Practice Assocs., et al.,* Civil Action No. 91–1325–E(P).

**2.** Proulx also claimed to have a judicial lien and a lien in a pending action pursuant to CCP § 708.410. These lien theories were denied by the bankruptcy court and have been abandoned in this appeal. *Branam v. Crow-*

*der (In re Branam),* 226 B.R. 45, 55 n. 10 (9th Cir. BAP 1998), *aff'd,* 205 F.3d 1350, 1999 WL 1206656 (9th Cir.1999) (issues not addressed by argument are deemed abandoned).

**3.** The court also ruled that the one-year duration of the ORAP Lien had been tolled by Burns' bankruptcy filing, which occurred nine months after service of the ORAP.

subject of this consolidated appeal. Trustee timely appealed, and Proulx timely cross-appealed regarding the court's denial of his Levy Lien.

## ISSUES

1. Whether Proulx had an enforceable ORAP Lien in the Cash Fund because, under CCP § 708.110, service of an ORAP created a lien on Burns' right to the settlement money even though, at the time, it was in the possession and control of a third party (the United States).[4]

2. Whether service of the Turnover Order, issued pursuant to CCP § 699.040, was equivalent to an execution and levy required to create a lien under CCP §§ 697.010–697.710.

## STANDARD OF REVIEW

■ We review a motion for summary judgment *de novo*. *Parker v. Saunders (In re Bakersfield Westar, Inc.)*, 226 B.R. 227, 231 (9th Cir. BAP 1998). There are no factual issues in this appeal. Therefore, we review the bankruptcy court's interpretation of the California enforcement statutes *de novo* in order to determine if the bankruptcy court correctly applied the substantive law. *See Astaire v. Best Film & Video Corp.*, 116 F.3d 1297, 1300 (9th Cir.1997) (issues of state law are reviewed *de novo*).

## DISCUSSION

### A. ORAP Lien

#### 1. Plain Meaning

■ The issue before us is one of statutory construction: whether service of the

ORAP on Burns alone was sufficient, under CCP § 708.110, to create the ORAP Lien in the settlement money, which was then in the possession and control of the United States, or whether Proulx was required to serve a third-party ORAP on the United States pursuant to CCP § 708.120.

■ Statutory construction begins with the language of the statute. *See S. Cal. Bank v. Zimmerman (In re Hilde)*, 120 F.3d 950, 953–54 (9th Cir.1997) (holding that bankruptcy trustee could not avoid an ORAP lien even though the ORAP statute does not require "perfection" of the lien); *Delaney v. Superior Court*, 50 Cal.3d 785, 798, 268 Cal.Rptr. 753, 759, 789 P.2d 934, 940 (1990). If the language of the statute is clear and unambiguous, it must be followed, and the statutory analysis ends. *Id.; Rossi v. Brown*, 9 Cal.4th 688, 694, 38 Cal.Rptr.2d 363, 366, 889 P.2d 557, 560 (1995).

In 1982, California enacted a comprehensive Enforcement of Judgments Law ("EJL") governing the enforcement of all civil judgments in California. Hon. Alan M. Ahart, *Cal. Practice Guide: Enforcing Judgments & Debts* § 6:1–6:2 (The Rutter Group 2002); CCP §§ 680.010—709.030. The EJL reflects the legislative intent to allow judgment creditors a "speedy and inexpensive means ... *to obtain priority* over other creditors ...." *Hilde*, 120 F.3d at 954 (emphasis in original) (citing 16 *Cal. L.Rev. Comm'n Rep.* 1051 (1982), discussing new provision for judgment lien on certain personal property, CCP § 697.510). The ORAP procedures and liens provide to the judgment creditor "effective remedies consistent with fair treatment of the inter-

---

4. Trustee asserts, as another issue on appeal, that the bankruptcy court did not analyze California appellate law in interpreting the lien statutes. However, it is clear from the transcript in the record that the bankruptcy judge considered all of Trustee's statutory arguments and applied California law. The sole issue before us is, therefore, the correctness of the court's interpretation of California law.

ests of the judgment debtor." 16 *Cal. L.Rev. Comm'n Rep.*, at 1123.

■ Service of the ORAP on the judgment debtor creates an enforceable lien in the debtor's nonexempt personal property, even without a levy on the property. *Id.* at 1124; *Hilde,* 120 F.3d at 956. *See also Imperial Bank v. Pim Elec., Inc.,* 33 Cal. App.4th 540, 552–53, 39 Cal.Rptr.2d 432, 440–41 (Ct.App.1995) (stating that exemptions apply to all procedures for enforcement of money judgments, and that "the lien upon all nonexempt property is created at the time the judgment debtor is served with notice of the examination.").

The procedure for an examination of the judgment debtor is as follows. A judgment creditor applies to the court "for an order requiring the judgment debtor to appear ... at a time and place specified in the order, to furnish information to aid in enforcement of the money judgment." CCP § 708.110(a). Once the order is issued, a lien is created by service of the order:

> The judgment creditor shall personally serve a copy of the order on the judgment debtor not less than 10 days before the date set for the examination.... **Service of the order creates a lien on the personal property of the judgment debtor for a period of one year** from the date of the order unless extended or sooner terminated by the court.

CCP § 708.110(d) (emphasis added).

The parties agreed that Burns' right to payment, at the time she was served with the ORAP, was a personal property interest in the nature of a general intangible or account receivable. At the time Proulx served the ORAP on Burns, the settlement money was still in the custody and control of the United States, but it was acknowledged to be owed to Burns.

Section 708.110 does not specify which personal property is thereby encumbered, or whether the judgment debtor must have custody and control of the property, but it does provide that "the lien on the judgment debtor's property attaches whether or not the property is described in the notice in sufficient detail to be reasonably identifiable." *Imperial Bank,* 33 Cal. App.4th at 553, 39 Cal.Rptr.2d at 441 (citing 16 *Cal. Law Rev. Comm'n Rep., supra,* at 1127).

Judge Ahart, in his treatise on California law, states that the CCP § 708.110(d) lien creates a lien on "*all* of the debtor's *nonexempt personal property*" and "*may*" extend to personal property outside California, but he does not state whether such property may also be beyond the judgment debtor's control. *See* Ahart, *supra,* §§ 6:1272, 6:1302 (emphasis in original). *See also Imperial Bank,* 33 Cal.App.4th at 552–53, 39 Cal.Rptr.2d at 441 (stating that "the lien upon *all* nonexempt property is created at the time the judgment debtor is served with notice of the examination") (emphasis added).

Nonetheless, the plain language of CCP § 708.110 does not limit, in any way, the property which is subject to the lien, other than it must be the debtor's nonexempt personal property. We affirm, therefore, the bankruptcy court's holding that service of the ORAP created a lien on Burns' acknowledged but unpaid interest in the settlement money because that interest was the nonexempt personal property of Burns on the date the ORAP was served.

### 2. *Legislative Intent Favors Proulx*

Trustee contends that CCP § 708.110 does not apply when the debtor's property is in the hands of a third party. He asserts that the third-party ORAP statute, CCP § 708.120, provides the exclusive method for creating a lien in the settle-

ment money. While normally, having concluded that the meaning of a statute is clear, we would not consider legislative history, we do so in this case because even an analysis of legislative intent favors Proulx's ORAP Lien.

 A statute must be interpreted in light of its purposes. *San Francisco Found. v. Superior Court,* 37 Cal.3d 285, 297, 208 Cal.Rptr. 31, 37, 690 P.2d 1, 7 (1984). In addition, a statute should be construed with reference to the entire statutory system of which it forms a part, in such a way that harmony may be achieved among the parts. *See Talmadge v. Duck (In re Talmadge),* 832 F.2d 1120, 1123–24 (9th Cir.1987) (construing California law); *Bowland v. Municipal Court,* 18 Cal.3d 479, 489, 134 Cal.Rptr. 630, 634, 556 P.2d 1081, 1085 (1976).

### (a) Statutes Should be Read in Harmony, and One Statute Should Not Render Another Superfluous

██ Common principles harmonize statutes, such as "when a statute omits a specific matter from its coverage, the inclusion of such matter in another statute on a related subject demonstrates an intent to omit the matter from the coverage of the statute in which it is not mentioned." *Cal. Coastal Comm'n v. Quanta Inv. Corp.,* 113 Cal.App.3d 579, 599, 170 Cal.Rptr. 263, 274 (Ct.App.1980) (citation omitted). Trustee contends that the inclusion of CCP § 708.120, which is directed to the creation of a lien in a judgment debtor's property held by a third party, thereby excludes such property from the scope of CCP § 708.110.

In a similar vein, Trustee maintains that allowing a lien to be created, under CCP § 708.110(d), in all of a judgment debtor's nonexempt personal property, wherever located, would impermissibly render CCP § 708.120 superfluous or nugatory. *See*

*Lungren v. Deukmejian,* 45 Cal.3d 727, 735, 248 Cal.Rptr. 115, 120, 755 P.2d 299, 304 (1988); *McLaughlin v. State Bd. of Ed.,* 75 Cal.App.4th 196, 210, 89 Cal. Rptr.2d 295, 304 (Ct.App.1999).

The bankruptcy court found that the two statutes have separate roles and are not mutually exclusive. The court stated:

> I think there is a way to construe both statutes that gives effect to both of them. I'm not persuaded that they are exclusive. I think the State Legislature, if they intended it to be exclusive and/or they intended [CCP § 708.110] to only apply to personal property in the [actual] possession, custody or control of the debtor, would have written it that way
> . . . .

Tr. of Proceedings (Dec. 17, 2001), at 17.

We agree with the bankruptcy court's conclusion. The ORAP statute expressly creates a lien "on the personal property of the judgment debtor," without limitation. CCP § 708.110(d).

CCP § 708.120 immediately follows CCP § 708.110 in the statutes, and is entitled "Orders where property in possession or control of third party." The relevant provisions are as follows:

> (a) Upon ex parte application by a judgment creditor who has a money judgment **and proof by the judgment creditor by affidavit or otherwise** to the satisfaction of the proper court **that a third person has possession or control of property in which the judgment debtor has an interest or is indebted to the judgment debtor** in an amount exceeding two hundred fifty dollars ($250), the court shall make an order directing the third person to appear . . . to answer concerning such property or debt. . . .
>
> . . . .

(c) **If the property in the third person's possession or control in which the judgment debtor has an interest or the debt owed by the third person to the judgment debtor is described in the affidavit or application** for an order under subdivision (a) **in a manner reasonably adequate to permit it to be identified, service of the order on the third person creates a lien on the judgment debtor's interest in the property or on the debt for a period of one year** from the date of the order unless extended or sooner terminated by the court.

CCP § 708.120 (emphasis added).

Unlike the judgment-debtor ORAP lien, where a lien upon "all nonexempt property is created at the time the judgment debtor is served with notice of the examination," *Imperial Bank*, 33 Cal.App.4th at 552–53, 39 Cal.Rptr.2d at 441, the third-party ORAP lien is limited to property which "must be adequately identified for the lien to attach." *Id.*, 33 Cal.App.4th at 553, 39 Cal.Rptr.2d at 441.

The purpose of the third-party ORAP statute is rooted in notions of due process. *See id.*, 33 Cal.App.4th at 554, 39 Cal. Rptr.2d at 442. Section 708.120 provides certain procedural protections for the third party, in that it requires an affidavit giving a description of the property, and service of the ORAP upon the third party in question in order for a lien to arise that binds the third party. The third party can then make any claims to the property which it might have, pursuant to CCP § 708.180, or obtain a protective order under CCP § 708.200. *See Evans v. Paye*, 32 Cal. App.4th 265, 278–80, 37 Cal.Rptr.2d 915, 923–24 (Ct.App.1995) (CCP § 708.180 intended to give relief to judgment creditor without "trampling on the third person's due process right to a full adjudication prior to removal of the property in his or her possession."). Thus, CCP § 708.120 is intended to be a "tool to confirm the existence of certain assets" while respecting due process and any rights which the third party might assert. *People v. Pereira*, 207 Cal.App.3d 1057, 1066, 255 Cal.Rptr. 285, 290 (Ct.App.1989). Once notice is given, the third party is obligated to honor the lien.

The difference in the statutes is keyed to the examinee, not the property. *Id.* In addition, as explained below, CCP § 708.110 does not permit all of the relief that a judgment creditor can obtain under CCP § 708.120, so both statutes are necessary.

Trustee's interpretation would write into CCP § 708.110(d) "personal property of the judgment debtor *in the possession and control of the judgment debtor*." The omission of such language in CCP § 708.110(d) suggests that the California legislature did not intend that the property subject to the § 708.110(d) lien need be solely within the judgment debtor's custody and control. Surely, the California legislature did not intend for an abusive judgment debtor to have a safe haven by giving his property to a third party, or for a judgment creditor to have to play "pin the lien" on shifting property. *See Rojas v. Superior Court*, 102 Cal.App.4th 1062, 1073, 126 Cal.Rptr.2d 97, 105 (Ct.App. 2002) (courts do not alter or amend the language of the statute to accomplish a purpose that does not appear to comport with the legislative purpose). Therefore, we disagree with Trustee's interpretation.

Trustee contends, nonetheless, that enabling a judgment creditor to obtain a lien in all property under CCP § 708.110(d) would eviscerate due process by allowing an *ex parte* lien to attach to a debtor's property held in the hands of innocent

third parties.[5] The fact that the lien is *ex parte* is not the problem, however, if due process is otherwise provided. The Ninth Circuit has acknowledged that CCP § 708.110(d) creates a "secret" lien, but nonetheless opined: "[O]ur job is not to second guess the California legislature but to apply California's lien statutes according to their plain language." *Hilde*, 120 F.3d at 956. Notice to the third party is not necessary to create an ORAP lien. Although lack of notice may at times result in the lien being inferior to the after-acquired rights of third parties who do not have notice of the lien, our facts do not present a conflict between the rights of a third party without notice and the ORAP lienholder.

■ We therefore affirm the bankruptcy court's holding that CCP § 708.120 is a nonexclusive means of reaching property held by third persons, but it does not limit the reach of the CCP § 708.110(d) lien in all of the debtor's nonexempt personal property.

### (b) Specific Statute Supersedes General Provision

■ California courts recognize a principle of statutory construction elucidated by the Ninth Circuit as follows:

[A] specific statutory section qualifies a more general section and will govern, even though the general provisions, standing alone, would encompass the same subject.

*Trustees of Amalgamated Ins. Fund v. Geltman Indus., Inc.*, 784 F.2d 926, 930 (9th Cir.1986). *See also Krieger v. Nick Alexander Imports, Inc.*, 234 Cal.App.3d 205, 214, 285 Cal.Rptr. 717, 722 (Ct.App. 1991).

Trustee maintains that this principle prohibits the imposition of a lien in personal property in a third party's possession, because CCP § 708.120 is the more specific statute and requires service upon the third party in order to create the lien.

We disagree. The statutes are merely two consecutive sections in an integrated examination procedure. Thus, a judgment creditor has two distinct choices under these provisions when a judgment debtor's property is in the possession and control of a third party. The creditor can pursue a judgment debtor's examination, and then enforce the lien thereby created on the property by separate execution. Alternatively, the creditor can encumber the property by directly serving the third party, and then obtain turnover under CCP § 708.205 (order for satisfaction of money judgment).[6]

5. The *ex parte* ORAP lien is not effective against *bona fide* purchasers for value, without notice. *See* CCP §§ 697.740; 697.910; 697.920.

Trustee contends that secured creditors in possession would be at a disadvantage if CCP § 708.110(d) created a lien in their collateral, because they would not know, in making business decisions, that the equity had been reduced. And judgment creditors with setoff rights against a judgment debtor, such as banks or taxing authorities, could unknowingly be placed into a priority competition with ORAP judgment creditors.

On the other hand, if we accepted Trustee's position, an abusive debtor could simply transfer the property to an innocent third party to defeat the lien. We do not herein attempt to resolve judicially any and all potential problems.

6. Section 708.120 may not even apply to the United States, because the statute pertains to property of the judgment debtor in the hands of a "third person." In the general definitions in the EJL, "person" is defined as "a natural person, a corporation, a partnership or other unincorporated association, a general partner of a partnership, a limited liability company, and a public entity." CCP § 680.280. *See also* CCP § 481.170 (comparable attachment statute). Although "public entity" is further defined in the EJL as mean-

### B. Turnover Order Alone did not Create a Lien

■ Proulx asserts, in his cross-appeal, that service of the Turnover Order, pursuant to CCP § 699.040 of the execution and levy provisions, created an execution lien, even though he did not comply with the procedures for obtaining a lien by levying a writ of execution. *See* CCP §§ 697.010–697.710. He maintains that the Turnover Order was the equivalent of a levy. The bankruptcy court rejected this theory, and we do the same, based on the plain language of the relevant statutes.

CCP § 699.040 provides an *aid* to execution and levy. It directs the transfer of possession of property (a) if a writ of execution is issued, or (b) "upon a showing of need for the order." CCP § 699.040. *See also* Ahart, *supra,* § 6:359. Nowhere does the provision state that service of a turnover order itself creates a lien on the subject property.

Rather, subsection (c) provides that "failure to comply with the order may subject the judgment debtor to arrest and punishment for contempt of court." CCP § 699.040. Clearly, this provision aids the judgment creditor because, in some circumstances, a contempt order may be more effective than levying on property under a writ of execution. *See* 16 *Cal. Law Rev. Comm'n Rep.,* *supra,* at 1013; Ahart, *supra,* § 6:1273.

The Turnover Order obtained by Proulx was not the legal equivalent of an execution. The California appellate court has distinguished a turnover order in aid of execution, which does not create a lien, from an ORAP turnover order under CCP § 708.205, which creates a lien:

"A judgment creditor may also obtain a turnover order *in aid of execution* .... However, a turnover order issued in connection with an examination proceeding generally is of greater use because it reaches a broader range of property, can be directed to third party examinees, may require delivery of property directly to the judgment creditor and creates a lien on the property subject to the order."

*Imperial Bank,* 33 Cal.App.4th at 550, 39 Cal.Rptr.2d at 439 (quoting Ahart, *supra,* § 6:1338.1) (emphasis in original).

Therefore, we affirm the bankruptcy court's denial of the summary judgment motion on the Levy Lien issue.

### CONCLUSION

Proulx obtained a lien in Burns' interest in the settlement money when he served the ORAP on Burns, pursuant to CCP § 708.110(d). The settlement money was then her personal property, in the form of a general intangible or account receivable. The ORAP Lien continued when Burns' share of the money was paid to her attorneys in trust. Therefore, summary judg-

ing "the state, a county, city, district, public authority, public agency, and other political subdivision in the state," that definition does not apply to examination proceedings. *See* CCP § 708.710 (stating the definitions therein apply to Article 8 of Chapter 6, which includes CCP §§ 708.710–708.795). Thus, the United States may be subject to examination under CCP § 708.120 if it is a "public entity" as that term is used in CCP § 680.280. Therefore, the federal government is not included in the definitions of "third person."

However, no method of appearance for a "public entity" of any type is set forth in the examination provisions in Article 2 of Chapter 6. *See* CCP § 708.150 (setting forth procedure for examination of "a corporation, partnership, association, trust, or other orga-

nization"). Under the former examination statute, it was held that the United States government "was not amenable to the proceedings." *Med. Fin. Ass'n v. Karnes,* 32 Cal. App.2d Supp. 767, 770, 84 P.2d 1076, 1078 (App. Dep't Super.Ct.1938) (construing former CCP § 717). The ramifications of that opinion have not been dealt with by the courts or in legal treatises, however. *See* B.E. Witkin, 8 *Cal. Procedure* § 267, at 275 (4th ed.1997) (merely citing *Karnes*).

The EJL enacted separate sections for the method of appearance by a corporation or public entity, but not the federal government. *See* CCP §§ 708.150, 708.710 et seq. Thus, the statutory scheme supports an interpretation that the United States was not amenable to examination under CCP § 708.120.

ment in favor of Proulx in the Cash Fund is **AFFIRMED**.

Proulx's cross-appeal is based on the faulty assumption that service of the Turnover Over in aid of execution created a lien, when it did not. Therefore, the bankruptcy court's order denying the Levy Lien is also **AFFIRMED**.