# FILED

DEC 18 2015

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT



ORDERED PUBLISHED

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: | BAP No.   CC-14-1569-KiTaKu |
| RICHARD JAMES SWINTEK, | Adv. No.   8:13-01106-TA |
| Debtor. | Bk. No.   8:10-22458-TA |
| KAREN M. GOOD, | |
| Appellant, | |
| v. | **O P I N I O N** |
| CHARLES W. DAFF, Chapter 7 Trustee, | |
| Appellee. | |

Argued and Submitted on November 19, 2015,
at Pasadena, California

Filed - December 18, 2015

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Theodor C. Albert, Bankruptcy Judge, Presiding

_____

Appearances:     Roya Rohani argued for appellant Karen M. Good;
Arjun Sivakumar of Brown Rudnick LLP argued for
appellee Charles W. Daff, Chapter 7 Trustee.

Before:     KIRSCHER, TAYLOR and KURTZ, Bankruptcy Judges.

KIRSCHER, Bankruptcy Judge:

Appellant and judgment creditor Karen Good appeals an order wherein the bankruptcy court determined that § 108(c)[1] did not toll or extend the one-year expiration period for Good's lien under CAL. CODE CIV. P. ("CCP") § 708.110(d). This precise question of law is a matter of first impression before the Panel. We hold that § 108(c) tolled the one-year expiration period imposed under CCP § 708.110. Therefore, we VACATE AND REMAND.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

**A. Prepetition events**

In 2001, two law firms obtained money judgments totaling approximately $300,000 against Richard J. Swintek, a former certified public accountant, for unpaid legal fees. In 2009, Good acquired the money judgments by assignment. She renewed the judgments in 2010 and began collection efforts.

On June 30, 2010, the state court issued an Application and Order for Appearance and Examination ("ORAP") to Swintek pursuant to CCP § 708.110. Good claims she personally served Swintek with the ORAP on that same date. Swintek was ordered to appear for examination on August 19, 2010.

In July 2010, Good instructed the Orange County Sheriff to levy upon several deposit accounts and certificates of deposit held in the name of Swintek and/or his wife. The sheriff took custody of approximately $67,000.

---

[1] Unless specified otherwise, all chapter, code and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

Swintek failed to appear for the ordered examination, resulting in the state court continuing it until October 14 and issuing a bench warrant for his arrest. Good claims she served Swintek with the new notice.

**B.    Postpetition events**

Swintek filed a chapter 7 bankruptcy case on September 2, 2010. He identified Good as a secured creditor with an execution lien valued at $2,900, and he identified her as an unsecured creditor holding a claim for $310,000 for "attorney's fees." Notably, Good is Swintek's only creditor. Trustee Charles W. Daff was appointed to Swintek's case.

Trustee eventually acquired the $67,000 in levied funds. Good claimed all rights to them in her filed proof of claim. Thereafter, upon Swintek's motion under § 522(f), the bankruptcy court avoided Good's execution lien to the extent it impaired Swintek's allowed exemption of $21,725. Trustee was to hold the balance of the levied funds, $45,274.79 plus any accrued interest.

**1.    Good's first adversary complaint**

In 2013, Good filed an adversary complaint against Trustee seeking a determination on the priority of her lien and declaratory relief. Good alleged that upon serving Swintek with the ORAP, she obtained a lien (the "ORAP Lien") on all of his personal property assets for one year under CCP § 708.110. Good alleged that all funds held by Trustee were subject to her ORAP Lien, yet he was refusing to distribute them to her.

In his motion to dismiss, Trustee argued that Good's ORAP Lien, issued on June 30, 2010, expired one year after the date of the order; thus, any lien created by service of the ORAP expired

-3-

on June 30, 2011. Trustee contended the one-year durational period in CCP § 708.110(d) was not extended or tolled by § 108(c), citing In re Gbadebo, 431 B.R. 222, 226 n.4 (Bankr. N.D. Cal. 2010).

Rejecting the "dictum" in Gbadebo that § 108(c) did not apply to ORAP liens and relying on Kipperman v. Proulx (In re Burns), 291 B.R. 846, 849 n.4 (9th Cir. BAP 2003), the bankruptcy court ruled that § 108(c) applied to Good's ORAP Lien. Therefore, because Good had stated a claim for declaratory relief, Trustee's motion to dismiss was denied.

**2. Good's amended adversary complaint and the motions for summary judgment**

Good filed an amended complaint against Trustee and the parties filed multiple motions for summary judgment. Good contended her ORAP Lien constituted an "enforcement" lien under California law and remained stayed by § 362 until the levied funds were no longer property of the estate. Because she was not allowed to continue with her enforcement efforts once Swintek filed bankruptcy, Good argued that § 108(c) tolled the one-year enforcement period of her ORAP Lien, citing Miner Corp. v. Hunters Run Ltd. P'ship (In re Hunters Run Ltd. P'ship), 875 F.2d 1425 (9th Cir. 1989), In re Burns, 291 B.R. at 849, and S. Cal. Bank v. Zimmerman (In re Hilde), 120 F.3d 950 (9th Cir. 1997).

Trustee contended that Good's ORAP Lien expired by its own terms on June 30, 2011, before her adversary complaint was filed, and that § 108(c) did not toll the one-year period. Trustee argued that § 108(c) did not apply to an ORAP lien because it is created by service and does not involve a "commencement" or a

-4-

"continuation" of a civil action, as § 108(c) requires. In support of his position, Trustee noted a recent case, <u>Wolfe v. Palladino (In re Harris)</u>, Adv. No. 8:13-01125 (Bankr. C.D. Cal. Apr. 29, 2014), wherein the same bankruptcy court determined that an ORAP lien is not a "commencement" or "continuation" of a civil action, but rather is an "anomalous lien" arising after judgment has been entered and an ORAP properly served; thus, § 108(c) did not toll an ORAP lien's one-year expiration period.

In ruling for Trustee, the bankruptcy court acknowledged that no appellate court within the Ninth Circuit has addressed the issue of whether § 108(c) tolls the one-year expiration period of an ORAP lien. A split in persuasive authority also exists among bankruptcy courts. Ultimately, the bankruptcy court decided to adopt its prior ruling in <u>Harris</u>: § 108(c) does not toll the one-year expiration period of an ORAP lien. Accordingly, because Good had not renewed her ORAP Lien prior to the expiration date in June 2011, it had expired. Therefore, she had no claim against the levied funds; summary judgment for Trustee was appropriate.

Good timely appealed.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(a)(2)(K). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUE

Did the bankruptcy court err in determining that § 108(c) did not toll the one-year expiration period for an ORAP lien under CCP § 708.110(d)?

## IV. STANDARD OF REVIEW

We review the bankruptcy court's legal conclusions, including

-5-

its interpretation of the Code, de novo. <u>Sachan v. Huh (In re Huh)</u>, 506 B.R. 257, 262 (9th Cir. BAP 2014)(en banc). Likewise, we review the bankruptcy court's order granting summary judgment de novo. <u>Centre Ins. Co. v. SNTL Corp. (In re SNTL Corp.)</u>, 380 B.R. 204, 211 (9th Cir. BAP 2007).

## V. DISCUSSION

Trustee disputes and Good contends she held a valid ORAP lien against Swintek at the time he filed his bankruptcy case. This contention may involve a factual matter the bankruptcy court will have to determine on remand. If valid, then it is undisputed the one-year expiration period under CCP § 708.110(d) had not yet run when Swintek filed his bankruptcy case, just two months after Good allegedly served him with the ORAP. Therefore, the question before us is whether § 108(c) tolled the running of the one-year durational period. We conclude it did.

**A.   CCP § 708.110 and 708.120**

In 1982, California enacted a comprehensive Enforcement of Judgments Law governing the enforcement of all civil judgments in California. CCP § 680.010-709.030. It reflects the legislative intent to allow judgment creditors a "'speedy and inexpensive means . . . **to obtain priority** over other creditors . . . .'" <u>In re Hilde</u>, 120 F.3d at 954 (citation omitted)(emphasis in original); <u>In re Burns</u>, 291 B.R. at 850.

Under CCP § 708.110, a judgment creditor may apply to the court for an order requiring the judgment debtor to appear for an examination "to aid [the creditor's] enforcement of the money judgment." CCP § 708.110(a). Service of the ORAP on the judgment debtor creates an enforceable lien on the debtor's personal

-6-

property.  CCP § 708.110(d).[2]

An ORAP lien exists from the date the order to appear is served and is effective for one year unless extended or sooner terminated by the court.  CCP § 708.110(d).  In other words, an ORAP lien will expire by its own terms if it is not renewed before the expiration of one year.  Service of the ORAP is all that is required to create and establish the priority of the ORAP lien.  In re Hilde, 120 F.3d at 953; In re Burns, 291 B.R. at 850.  An ORAP lien is allowed to be a "secret" or "hidden" lien; it is not recorded or published.  "'Other creditors are able to discover the lien only if they know about the creditor's judgment and review the court file.'" Morgan Creek Prods. v. Franchise Pictures LLC (In re Franchise Pictures LLC), 389 B.R. 131, 141 (Bankr. C.D. Cal. 2008) (quoting Hon. Alan M. Ahart, Cal. Prac. Guide: Enforcing Judgments & Debts § 6:1306 (The Rutter Group 2007)).  See In re Hilde, 120 F.3d at 956 (public policy issues trustee has with an ORAP lien being a "secret" lien is something for the California Legislature to solve).

**B.    Section 108(c)**

Section 108(c) provides that "if applicable nonbankruptcy law . . . fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the

---

[2]    Specifically, CCP § 708.110(d) provides:

The judgment creditor shall personally serve a copy of the order on the judgment debtor not less than 10 days before the date set for the examination.  Service shall be made in the manner specified in Section 415.10.  Service of the order creates a lien on the personal property of the judgment debtor for a period of one year from the date of the order unless extended or sooner terminated by the court.

-7-

debtor, . . . and such period has not expired before the date of the filing of the petition, then such period does not expire until . . . 30 days after notice of the termination or expiration of the stay under section 362 . . . ." The "applicable nonbankruptcy law" at issue here is CCP § 708.110(d).

**C.    The bankruptcy court erred in determining that the one-year expiration period for an ORAP lien is not tolled by § 108(c).**

   **1.    Preliminary matters**

Before we begin our analysis, we make two preliminary observations. We conclude that CCP § 708.110(d) is a statute of duration as opposed to a statute of limitations. See Spirtos v. Moreno (In re Spirtos), 221 F.3d 1079, 1080 (9th Cir. 2000)(ten-year expiration period for renewing a judgment lien under CCP § 683.110 is a statute of duration); In re Hunter's Run Ltd. P'ship, 875 F.2d at 1426 (eight-month enforcement period in Washington state mechanic's lien statute is a statute of duration); see also Commission Comments to CCP § 708.110 which states: "Subdivision (d) of Section 708.110 is amended to prescribe a one-year **duration** for the lien created under this section." (Emphasis added). Nonetheless, whether something is a statute of limitations or a durational period matters not; § 108(c) applies to either. In re Hunter's Run Ltd. P'ship, 875 F.2d at 1427; United States v. Valley Nat'l Bank (In re Decker), 199 B.R. 684, 688 (9th Cir. BAP 1996).

Second, the appeal is not moot based on Swintek's discharge. Even though Swintek received a discharge in October 2012, which effectively terminated the automatic stay as to him, the stay is still in effect here because funds remain in the bankruptcy

-8-

estate, which Trustee has not abandoned. § 362(a)(3), (c)(1); In re Spirtos, 221 F.3d at 1081 (so long as assets remain in the estate the stay as to property of the estate remains in effect).

**2. The bankruptcy court cases addressing this issue are split; the Ninth Circuit and BAP cases cited by the parties do not resolve it.**

Two California bankruptcy courts have addressed the precise issue before us, but unfortunately neither court provided an extensive analysis. They also reached different conclusions. In Franchise Pictures LLC, the creditor obtained an ORAP lien in March 2004; the debtor filed its bankruptcy case in August 2004, before the lien had expired. 389 B.R. at 137. The debtor argued that the creditor's ORAP lien had expired in March 2005, while the bankruptcy case was pending, and was therefore invalid. Id. at 140. The issue involved whether the one-year duration of the ORAP lien was tolled or extended under § 108(c) in order to avoid the March 2005 expiration. Id. In determining that § 108(c) tolled the one-year period and that the ORAP lien was still in force, the bankruptcy court noted:

> This section generally applies "to time periods within which a creditor must bring an action to enforce a lien before the lien expires. It also applies to the time period to renew a judgment to maintain its enforceability." Collier on Bankr., ¶ 108.04[2] (Alan N. Resnick & Henry J. Sommer, eds.-in-chief, 15th ed. rev. 2007)(footnotes omitted).[3]

Id.

The bankruptcy court in Gbadebo provided far less analysis on the issue. There, a creditor had objected to the debtor's chapter 11 plan which classified the creditor's claim as unsecured. 431

---

[3] The bankruptcy court also cited to In re Burns, supra, which we discuss below.

-9-

B.R. at 225. The creditor argued he held a secured claim against the debtor's personal property by virtue of an ORAP lien obtained prior to the bankruptcy filing. Id. The bankruptcy court held that the creditor's objection may have had merit when it was first asserted, but the one-year ORAP lien had since expired. Id. at 226. To support its decision, the Gbadebo court stated in a footnote: "The Court does not read 11 U.S.C. § 108 as extending this period." Id. at 226 n.4.

Good argues that Burns and Hilde, while not addressing the precise issue before us, have implicitly and necessarily held that an ORAP lien is tolled by § 108(c). In Burns, the issue before the Panel was whether service of an ORAP on the debtor only was sufficient to create an ORAP lien in qui tam settlement monies being held by the United States. 291 B.R. at 848-53. Tolling under § 108(c) was not at issue on appeal, nor was it examined. The only mention of tolling was in a footnote, where the Panel stated: "The [bankruptcy] court also ruled that the one-year duration of the ORAP Lien had been tolled by Burns' bankruptcy filing, which occurred nine months after service of the ORAP." Id. at 849 n.3. The Franchise Pictures LLC court relied upon the Panel's statement in this footnote for its decision as well. 389 B.R. at 141. While one could view this as an "implicit" ruling by the Panel that the tolling provision of § 108(c) applies to an ORAP lien, we do not wish to speculate. We believe the Panel's statement there was merely informational.

In Hilde, the issue was whether or not an ORAP lien requires perfection. The Ninth Circuit, in reversing the Panel's decision, held that it does not. 120 F.3d at 953-54. In the Panel's

-10-

reversed decision, the issue of tolling under § 108(c) was briefly discussed in a footnote, which stated: "If the ORAP lien was perfected, then its duration time would have been tolled by § 108(c) . . . ." Zimmerman v. S. Cal. Bank (In re Hilde), 189 B.R. 776, 779 n.3 (9th Cir. BAP 1995), rev'd, 120 F.3d 950 (9th Cir. 1997). However, the Panel conceded the lien's termination was not at issue and it declined to raise the issue sua sponte. Id. This footnote, which was not addressed by the Ninth Circuit, appears to be only dicta. Moreover, the Ninth Circuit did not discuss the issue of tolling, focusing entirely on the question of perfection.

**3.    Spirtos controls this issue.**

We conclude that Spirtos, a 2000 Ninth Circuit decision not raised by the parties, resolves the issue before us. There, the wife of the deceased debtor argued that the creditor's judgment lien was void under the California statute of duration in CCP § 683.020, which provides that a judgment lien becomes unenforceable after ten years. 221 F.3d at 1080. The creditor obtained the judgment in 1983, the debtor's bankruptcy case was filed in 1987 and he received a discharge in 1996. Id. Thus, the ten-year period to renew the judgment expired in 1993, after the debtor filed for bankruptcy, but before he received his discharge. Because the creditor failed to renew her judgment under CCP § 683.110, the wife contended the claim should be disallowed. Id.

After reviewing the statutory language of § 108(c), the Ninth Circuit held that the ten-year period during which the creditor had to renew her judgment lien had not expired:

On its face, section 108(c) appears to cover our

-11-

> situation. The California statute of duration is a nonbankruptcy law that applies to the Moreno judgment. The statute fixes a ten-year period during which Moreno had to keep the judgment from expiring by filing for renewal. Under section 108(c), then, the limitations period does not expire until 30 days after the end of the automatic stay.

Id. at 1080-81. See also Morton v. Nat'l Bank of N.Y.C. (In re Morton), 866 F.2d 561, 566 (2d. Cir. 1989)(holding same regarding ten-year duration period to renew judgment liens in New York).

The Spirtos court also rejected the wife's argument that the creditor could not avail herself of § 108(c) unless she was barred by the automatic stay from renewing her judgment. 221 F.3d at 1081. "It is the creditor's inability to enforce the judgment for a portion of the ten-year period that keeps the period of duration open under section 108(c)." Id.

Although Spirtos did not specifically address an ORAP lien under CCP § 708.110, we believe its holding controls by analogy. We too are faced with a state statute of duration that fixes a certain time period during which a creditor's ORAP lien is effective but after which it will expire if not renewed by the court. Similar to a judgment lien, an ORAP lien is an "other lien[] created by [the] enforcement process," which attaches to the judgment debtor's personal property. See CCP Art. 5 of Part 2, Title 9 Enforcement of Judgments, Div. 2, Ch. 2; CCP § 697.910. Whether Good was unable to renew her ORAP Lien because of the automatic stay is of no consequence. In re Spirtos, 221 F.3d at 1081. The fact remains that she was prohibited from enforcing the ORAP Lien attaching Swintek's nonexempt personal property which became, and remains, property of the estate. See id.; § 362(a)(4).

-12-

In reaching its decision, the bankruptcy court focused on the phrase in § 108(c) "commencing or continuing a civil action." Relying on a California Bankruptcy Journal article, the bankruptcy court reasoned that an ORAP lien is neither a "commencement" nor a "continuation" of a civil action, but rather is an "anomalous lien" arising after a judgment has been entered and an ORAP properly served. In the aforementioned article, the authors opined:

> [T]o find that 11 U.S.C. § 108(c) tolls the time a judgment creditor has to renew an ORAP lien seems to require that a mere request to "extend" (as expressly stated in CCP § 708.110) the life of an ORAP lien be deemed the equivalent to the "commencement" or "continuation" of a civil action, an analogy which some may find conceptually hard to swallow, particularly when one considers that it is the **service** of the ORAP is what creates the initial lien.

32 Cal. Bankr. J. 473, 476 (2013)(emphasis in original). Not surprisingly, Trustee focuses on the same phrase in § 108(c) to argue that it does not apply to an ORAP lien. We disagree.

The Spirtos court did not analyze whether renewing a judgment lien under CCP § 683.110 was a "commencement" or a "continuation" of a civil action; it merely opined that § 108(c) applied. The words "commencing" or "continuing" are not defined in the Code. Arguably, the Ninth Circuit must have considered such lien renewals a "continuation" of a civil action. We see nothing different here. Good held money judgments that were obtained through civil actions in the California state court. She then took the steps necessary to obtain the ORAP from that same court, which gave her the right to examine Swintek about his assets available to satisfy the judgments. She then, as she alleges, properly served Swintek with the ORAP thereby creating the ORAP

-13-

Lien on his nonexempt personal property.

Trustee contends that because only service is needed to create an ORAP lien, it is not a "commencement" or a "continuation" of a civil action. Trustee overlooks the fact that while an ORAP lien is created by proper service, obtaining an ORAP itself is not just some random, unconnected act.

An ORAP is a means by which a judgment creditor can examine the judgment debtor to discover property and apply it toward the satisfaction of the original money judgment. Imperial Bank v. Pim Elec., Inc., 33 Cal. App. 4th 540, 546-47 (1995). A judgment debtor's examination is a "supplemental proceeding attendant to the [original] case." United States v. Feldman, 324 F. Supp.2d 1112, 1117 (C.D. Cal. 2004). Even though the initial civil action may be complete, an application for an ORAP is generally filed in the same court where the original money judgment was entered. CCP § 708.160(a). The order is docketed in the same civil action. We fail to see how an ORAP and the attendant lien to enforce the money judgment is not a "continuation" of the initial civil action. See In re Lobherr, 282 B.R. 912, 916 (Bankr. C.D. Cal. 2002)(renewal of a judgment, which is a judicially noticed process and not merely a procedural act, constitutes a "continuation" of a proceeding as contemplated by § 362(a)(1) and violated the automatic stay).

Moreover, although proper service is all that is necessary to obtain an ORAP lien initially, court intervention is required to extend it. A party generally files a noticed motion in the initial civil action requesting the extension, which the judge considers and grants or denies. See Bank of Montreal v. SK Foods,

-14-

LLC, Case No. 11-80133, Dkt. Nos. 84 & 89 (N.D. Cal. 2013)(Notice of Motion and Motion to Extend Duration of ORAP Lien and Order). Thus, the renewal of an ORAP lien is clearly a "continuation" of the initial civil action, if not a "commencement" of an action within the initial civil action.

Accordingly, we hold that § 108(c) tolls the one-year expiration period imposed by CCP § 708.110(d). To hold otherwise "not only would create a substantial inequity, but also would give the debtor the power to eliminate certain secured claims simply by filing for bankruptcy at the appropriate time and then allowing the limitation period to run while it remained under the protection of the automatic stay. Exactly this type of inequity congress [sic] sought to remedy by enacting § 108(c)[.]" In re Morton, 866 F.2d at 567. Therefore, Good's ORAP Lien, assuming the bankruptcy court finds it is valid upon remand, will not expire until 30 days after she receives notice of the termination of the automatic stay. As a result of our holding, we also conclude the bankruptcy court erred in granting Trustee's renewed motion for summary judgment on the basis that Good's ORAP Lien had expired and so she had no claim to the levied funds.

**VI. CONCLUSION**

For the foregoing reasons, we VACATE and REMAND.

-15-