FILED

FEB 24 2016

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

ORDERED PUBLISHED

# UNITED STATES BANKRUPTCY APPELLATE PANEL

# OF THE NINTH CIRCUIT

In re:                           )     BAP No.    NV-15-1074-JuKiD
                                 )
PATRICK HEATH CALDWELL,          )     Bk. No.    2:14-bk-16024-LED
                                 )
                Debtor.          )
_____)
                                 )
PATRICK HEATH CALDWELL,          )
                                 )
                Appellant,       )
                                 )
v.                               )     **O P I N I O N**
                                 )
VICTORIA L. NELSON, Chapter 7    )
Trustee,                         )
                                 )
                Appellee.        )
_____)

Argued and Submitted on February 18, 2016
at Las Vegas, Nevada

Filed - February 24, 2016

Appeal from the United States Bankruptcy Court
for the District of Nevada

Honorable Laurel E. Davis, Bankruptcy Judge, Presiding
_____

Appearances:     A.J. Kung, Kung & Brown, argued for appellant
                 Patrick Heath Caldwell.  Jacob L. Houmand,
                 Nelson & Houmand, P.C., argued for appellee
                 Victoria L. Nelson, chapter 7 trustee.
                 _____

Before:   JURY, KIRSCHER, and DUNN, Bankruptcy Judges.

JURY, Bankruptcy Judge:

Chapter 7[1] trustee, Victoria L. Nelson (Trustee), objected to the Nevada homestead exemption in the amount of $550,000 claimed by debtor Patrick Heath Caldwell (Debtor), seeking to limit it to the statutory cap of $155,675 under § 522(p)(1). Trustee argued that Debtor acquired an interest in the homestead property within the meaning of § 522(p)(1) because the property was conveyed by Caldwell Family Investments II, LLC (LLC) to Debtor and his spouse as trustees of the Caldwell Family 1998 Trust (Trust) during the 1215-day period preceding the date of the filing of Debtor's petition. Debtor asserted that the limitation under § 522(p)(1) was not triggered since he retained a beneficial and equitable interest in the property at all times despite transfers of the fee title to the property to and from the Trust and the LLC.

The bankruptcy court sustained Trustee's objection. Looking first to the laws of Nevada and Delaware regarding limited liability companies, the court found that Debtor did not have an ownership interest in the property during the time when the LLC was the record title holder. Next, the court relied upon Nevada case law which required a debtor to have some form of equity in the property in order to claim a homestead — the court finding that this equity contemplated ownership. Finally,

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. "Rule" references are to the Federal Rules of Bankruptcy Procedure, and "Civil Rule" references are to the Federal Rules of Civil Procedure.

the bankruptcy court followed out-of-jurisdiction case law which rejected a debtor's attempt to claim a homestead exemption in real property held in the name of an LLC. Debtor moved for reconsideration which the bankruptcy court denied. This appeal followed. For the reasons explained below, we REVERSE.

## I. FACTS

**A. Prepetition Transfers Of Debtor's Property**

The facts are undisputed. Debtor and his spouse (Ms. Caldwell) purchased real property located on Eagle Hills Drive, Las Vegas, Nevada (Property) in March 1994. The record shows that Debtor and Ms. Caldwell have continuously resided in the home on the Property since they purchased it and have made all mortgage payments, paid taxes, maintained insurance and assumed all other responsibilities of a real property owner. Since 1994 they have transferred title to the Property seven times to and from the Trust and the LCC. These transfers were for no consideration and, per Debtor's declaration, for estate planning purposes.

In June 1998, they transferred the Property to the Trust with Debtor and Ms. Caldwell as the sole trustees via a recorded quitclaim deed. Over five years later, in October 2003, the Property was transferred from the Trust back to Debtor and Ms. Caldwell as joint tenants via a recorded quitclaim deed. In February 2006, Debtor and Ms. Caldwell transferred the Property back to the Trust via a recorded quitclaim deed.

On October 14, 2008, Debtor formed the LLC, a Delaware limited liability company, by filing Articles of Organization with the Delaware Secretary of State. Debtor and Ms. Caldwell

-3-

are the sole members of the LLC. In November 2010, the Property was transferred from the Trust to the LLC via a recorded quitclaim deed. On April 26, 2011, a declaration of homestead was recorded against the Property by the LLC.

On October 10, 2011, the Property was transferred from the LLC to the Trust. On the same date, a declaration of homestead was recorded against the Property, this time by the Trust, which stated the following: "This declaration constitutes an abandonment of the former declaration recorded on April 26, 2011."

**B.    Bankruptcy Events**

On September 5, 2014, 1061 days after the LLC transferred title to the Property to the Trust, Debtor filed his chapter 7 petition (Petition Date). Ms. Nelson was appointed as the chapter 7 trustee.

In his schedules, Debtor listed the Property value as $1,065,000 and total liens of $516,802, leaving a net equity of $548,198 in the Property. Debtor claimed the full $550,000 homestead exemption in the Property under Nevada Revised Statutes (NRS) 21.090(1)(*l*) and 115.050.

Trustee objected to Debtor's homestead exemption in the amount of $550,000, seeking to limit it to $155,675 under § 522(p)(1) due to the transfer from the LLC to the Trust within the 1215-day period prior to the Petition Date.

In response, Debtor argued that the limitation under § 522(p)(1) did not apply because he always retained a beneficial and equitable interest in the Property despite the numerous transfers of legal title to and from the Trust and the

-4-

LLC. Debtor reasoned that such interests were retained since he and his spouse were the sole trustees of the Trust and the sole members of the LLC and thus Debtor was "merely transferring title from himself to an entity owned by him." He also asserted that although the LLC held the title to the Property, his continuing payment of taxes, the mortgage, and insurance indicated that he and Ms. Caldwell continued to use and consider the Property as their own. Debtor further maintained that neither he nor Ms. Caldwell needed to be vested with legal title to validly declare a homestead under NRS 115.020. For these reasons, Debtor argued anew that he received no "interest" for purposes of § 522(p)(1) or the homestead exemption under Nevada law when the LLC transferred legal title to the Trust. Finally, Debtor pointed out that the purpose behind § 522(p)(1) would not be served under the facts of this case as he never attempted to shield assets or liquidate nonexempt assets to artificially increase the equity in his home.

In a supporting declaration, Debtor testified that the transfers of title to the Property were "made for estate planning purposes only, pursuant to advice from [his] financial planners and/or counsel." He also declared:

> My wife and I have always been the sole trustee and members of the Family Trust and Family Investment LLC; and the Family Trust and Family Investment LLC held legal title to the Eagle Hills Home at various times, in trust for my wife and I.

After a hearing on January 27, 2015, the bankruptcy court placed its findings of fact and conclusions of law on the record on February 17, 2015. The court ruled that Debtor acquired an interest in the Property on October 10, 2011, the date the LLC

-5-

transferred the Property to the Trust, and because this date was 1061 days prior to the petition date, § 522(p)(1) limited Debtor's homestead exemption to $155,675. In reaching this conclusion, the court noted that under either Nevada or Delaware limited liability law, Debtor did not hold an interest in the Property while it was titled in the name of the LLC because the LLC was a separate legal entity and a member's interest in a limited liability company is personal property. The court further noted that a requirement for exempting equity in a homestead under Nevada law was an ownership interest rather than a general or possessory interest in the Property, citing Savage v. Pierson, 157 P.3d 697 (Nev. 2007). Finally, relying on out-of-jurisdiction case law which interpreted exemption statutes in other states, the bankruptcy court rejected Debtor's contention that he could claim a homestead exemption in real property held in the name of an LLC. Based on all these authorities, the court found that Debtor acquired his interest in the Property within the meaning of § 522(p)(1)(A) on October 10, 2011, when title to the Property was transferred by the LLC to the Trust.

On February 24, 2015, the bankruptcy court entered the order sustaining Trustee's objection (Exemption Order). On the same day, Debtor filed a motion for reconsideration. There, Debtor maintained that the LLC held the Property "in trust" for Debtor and Ms. Caldwell. As a result of this trust-like arrangement, Debtor asserted that he retained a beneficial or equitable interest in the Property and, therefore, he could claim a homestead exemption in the Property under Nevada homestead law even though the LLC was the record titleholder of

-6-

the Property.

On March 3, 2015, Debtor filed a notice of appeal (NOA) from the Exemption Order. Subsequently, the bankruptcy court rejected Debtor's "in trust" theory on the ground that there was no evidence of an express trust between Debtor and the LLC and thus even if such a trust existed, it was a "secret" trust. The court denied his motion for reconsideration by an order entered on March 13, 2015 (Reconsideration Order). Debtor then filed an amended NOA indicating that he was appealing both the Exemption Order and the Reconsideration Order.[2]

## II. JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(B). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUE

Whether the bankruptcy court erred by finding that

---

[2] Trustee subsequently entered into a compromise with U.S. Bank, N.A. which held a stipulated judgment lien on the Property. The parties disputed whether such lien was perfected. Pursuant to the compromise, the estate would receive 67% of the net proceeds from the sale of the Property and the bank would receive 33% of the proceeds. Trustee then listed the Property for sale. Debtor moved for a stay pending appeal which the bankruptcy court denied. On June 10, 2015, the Panel denied Debtor's request for an emergency stay. On September 4, 2015, the Panel granted Debtor's renewed motion for an emergency stay to prevent the sale of the Property pending resolution of this appeal, as the sale would not provide enough proceeds to satisfy Debtor's homestead exemption claimed in the amount of $550,000 should he prevail. In other words, if Debtor prevails, the estate will net no money after the homestead is paid, which would make such sale of no benefit to the estate. The stay was conditioned upon Debtor's continued payments on the secured debt and maintenance of insurance on the Property.

-7-

§ 522(p)(1) applied under these circumstances.

## IV.  STANDARDS OF REVIEW

A bankruptcy court's interpretation of the Bankruptcy Code is a matter of law subject to de novo review. Predovich v. Staffer (In re Staffer), 262 B.R. 80, 82 (9th Cir. BAP 2001), aff'd, 306 F.3d 967 (9th Cir. 2002).

We review a bankruptcy court's interpretation of state law de novo in order to determine if it correctly applied the substantive law. Kipperman v. Proulx (In re Burns), 291 B.R. 846, 849 (9th Cir. BAP 2003) (citing Astaire v. Best Film & Video Corp., 116 F.3d 1297, 1300 (9th Cir. 1997) (issues of state law are reviewed de novo).

Findings of fact are reviewed under a clearly erroneous standard.  A court's factual determination is clearly erroneous if it is illogical, implausible, or without support in the record. United States v. Hinkson, 585 F.3d 1247, 1261-62 & n.21 (9th Cir. 2009) (en banc).

## V.  DISCUSSION

Section 522(p)(1) imposes a limitation on the homestead exemption a debtor can claim regardless of the applicable state law exemptions. In re Kane, 336 B.R. 477, 481 (Bankr. D. Nev. 2006); In re Virissimo, 332 B.R. 201, 207 (Bankr. D. Nev. 2005).

Section 522(p)(1) provides in relevant part:

Except as provided in paragraph (2) of this subsection and sections 544 and 548, as a result of electing under subsection (b)(3)(A) to exempt property under State or local law, a debtor may not exempt any amount of interest that was acquired by the debtor during the 1215-day period preceding the date of the filing of the petition that exceeds in the aggregate $155,675 in value in--

-8-

> (A) real or personal property that the debtor or a
> dependent of the debtor uses as a residence; . . . .

To determine whether the statutory cap applies, we consider whether Debtor "acquired an interest" within 1215 days of filing for relief.

In this regard, Trustee submits that Debtor had no interest in the Property prior to the October 10, 2011 transfer of legal title from the LLC to the Trust because (1) the LLC held legal title to the Property; (2) the LLC was the legal owner of the Property under Delaware and Nevada limited liability laws; and (3) Debtor could not have claimed a homestead exemption while the Property was held in the name of the LLC. According to Trustee, it follows that the upon the transfer of legal title from the LLC to the Trust,[3] Debtor "acquired an interest" in the Property within the meaning of § 522(p)(1).

In response, Debtor asserts that he retained a beneficial and equitable interest in the Property since 1994 despite the transfers of title to and from the LLC and the Trust over the years. To demonstrate his retained interest, he points out that he and Ms. Caldwell have continuously resided in the dwelling on the Property since 1994 and have paid the mortgage, taxes, and insurance. Debtor further asserts that he could claim a homestead exemption under Nevada law while title was held by the LLC because of his use and continued possession of the Property as a "householder," and there is no requirement that he hold

---

[3] Trustee concedes that when title is in a revocable trust where a debtor is the settlor and beneficiary, the debtor may claim a homestead.

-9-

legal title to the Property for it to be a homestead under Nevada law. According to Debtor, since he retained an interest in the Property and it was always his homestead, the Property was always an exempt asset under Nevada law despite the transfer of title to the LLC. Based on these premises, Debtor contends that he did not "acquire an interest" when the LLC transferred title to the Property to the Trust within 1061 days before the Petition Date, and thus the limitation of § 522(p)(1) is not applicable. In short, Debtor's position, for purposes of the homestead exemption, is that he retained a sufficient interest in the Property during all the multiple conveyances of legal title to and from the LLC. For the reasons discussed below, Debtor has the better argument.

We look to Nevada law to determine whether Debtor held an interest in the Property which would support a claim of homestead while the LLC was the sole titleholder. <u>Butner v. United States</u>, 440 U.S. 48, 54–55 (1979) (determination of property rights is controlled by state law). NRS 21.090(1)(*l*) exempts homestead property from execution "as provided for by law." Under NRS 115.005(2)(a), the "Homestead" is broadly defined as "the property consisting of . . . [a] quantity of land, together with the dwelling house thereon and its appurtenances; . . . ." These statutes do not designate how title to the property is to be held, and they do not limit the estate that must be owned, i.e., fee simple or some lesser interest. Nevada courts have held that the exemption should be liberally and beneficially construed in favor of the debtor and protecting the family home. See <u>In re Norris</u>, 203 B.R. 463, 465

-10-

(Bankr. D. Nev. 1996) (citing Jackman v. Nance, 857 P.2d 7 (Nev. 1993)).

In Nevada, to secure the benefits of the statutory provisions exempting the homestead from forced sale, it is necessary that a declaration of homestead be filed for record.[4] NRS 115.020; I.H. Kent Co. v. Busscher, 277 F.2d 901, 905 (9th Cir. 1960). "The declaration must state: (a) When made by a married person or persons, that they or either of them are married, or if not married, that he or she is a householder." NRS 115.020(2)(a). The Nevada Supreme Court has "defined the term householder as 'one who keeps house,' further stating that a householder 'must be in actual possession of the house' and must be 'the occupier of a house.'" Van Meter v. Nilsson (In re Nilsson), 315 P.3d 966, 969 (Nev. 2013) (quoting Goldfield Mohawk Mining Co. v. Frances-Mohawk Mining & Leasing Co., 102 P. 963, 965 (Nev. 1909)). In Goldfield, the court stated that "householder" referred "to the civil status of a person, not his property, and a man may be a householder without owning real estate." 102 P. at 966.

Debtor maintains that he was the "householder" of the Property since he and his family continuously occupied the Property as their primary residence since 1994. We note that the requirement of "householder" as used in the declaration statute is directed at persons "not married." NRS 115.020(2)(a). As we understand the record, Debtor was married.

---

[4] The declaration may be filed at any time prior to an execution sale.

Nonetheless, the "householder" definition is useful for our analysis. Based on the undisputed evidence that Debtor continually resided on the Property since 1994 and was at all times in actual possession of the house, we have no doubt that Debtor meets the definition of a "householder" under Nevada law. Debtor met the possession and occupancy requirements for a "householder" and did not need to hold fee simple title to the Property to achieve that status under Nevada law. Accordingly, Debtor has established that the Property was protected as a homestead even when the LLC was the titleholder.

Although Debtor was a "householder," Nevada law requires that a homestead claimant have some type of interest in the property to claim the "equity" exemption up to $550,000 under NRS 115.010. While Nevada law does not distinguish between the types of interests in property that qualify for the homestead exemption,[5] the Nevada Supreme Court has held that a claimant must have more than a general interest in or right to possession of the property claimed to be exempt. Savage, 157 P.3d at 701-02. There, the court considered whether a security deposit in a residential lease was exempt from execution under NRS 21.090(1)(*l*) or Nevada's homestead law.[6] The court first noted that the homestead exemption extended only to the "equity" in the property held by the claimant. "Equity" is defined in NRS

[5] Likewise, it is not necessary for us to do so in the context of this appeal.

[6] The court also considered the exempt status of the security deposit under NRS 21.090(1)(m) - Nevada's dwelling exemption. In that analysis, the court came to the same conclusion that it was not exempt.

-12-

115.005(1) as "the amount that is determined by subtracting from the fair market value of the property the value of any liens excepted from the homestead exemption pursuant to subsection 3 of NRS 115.010 or NRS 115.090." In interpreting the statutory language, the court concluded that "the statutory definition of 'equity' [under NRS 115.005(1)] contemplates more than a general 'interest' in the property or the right to possession, it contemplates ownership." 157 P.3d at 701. Since the security deposit did not qualify as "equity," the court decided that the debtor could not claim it exempt under Nevada's homestead law.

Although <u>Savage</u> is factually distinguishable from this case, the Nevada court's interpretation of "equity" in the context of the homestead exemption provides some guidance for our review in this appeal. In contrast to Trustee's position, the holding in <u>Savage</u> does not say that a debtor has to have an ownership interest in the property equivalent to fee simple ownership in order to claim a homestead exemption. Although the court found that the definition of "equity" contemplated "ownership," it did not limit the estate that must be owned beyond saying that the interest had to be more than a "general interest" or right to possession. Read in the context of the definition of a "householder" and the case law we cited above, the "ownership" required by <u>Savage</u> cannot be limited to only fee simple title.

The record shows that the interest Debtor retained in the Property after the transfer of legal title to the LLC was more than a general interest or the mere right to exclusive possession. According to the record, he retained all the

-13-

indicia of ownership by his possession and use of the Property along with the payment of the mortgage, taxes, and insurance. Plainly, the "equity" in the Property which is subject to the exemption was the result of payments made by Debtor over the years. Trustee did not present any evidence to controvert these facts. We thus conclude that Debtor was not divested of all interests in the Property by the transfer of legal title to the Property to the LLC. Accordingly, Debtor's homestead rights in the Property before and after the transfers of title remained unchanged.

Finally, it does not matter that a declaration of homestead with respect to the Property was filed on October 10, 2011, within 1061 days of the filing of the petition. The filing of a homestead declaration does not trigger the statutory cap under § 522(p)(1). Greene v. Savage (In re Greene), 583 F.3d 614, 620 (9th Cir. 2009). Like the debtor in Greene, Debtor acquired his exemptible interest in the Property in 1994, well outside the statutory period contained in § 522(p)(1), and, as discussed above, that exemptible interest never changed.

In enacting § 522(p)(1), we do not believe that Congress envisioned limiting a debtor's homestead exemption where as here (1) debtor purchased the property in 1994, well before the start of the 1215-day period, (2) continuously possessed and occupied the Property as his homestead, and (3) accumulated the "equity" by making regular mortgage payments throughout his occupancy.

In sum, we conclude that the transfer of title from the LLC to the Trust did not constitute an "interest" that was "acquired" by Debtor to limit his homestead claim, within the

-14-

meaning of § 522(p)(1). As discussed above, Nevada law protected Debtor's homestead rights in the Property throughout the various transfers of title. Therefore, the statutory cap does not apply.[7]

## VI. CONCLUSION

We REVERSE the bankruptcy court's order limiting Debtor's homestead exemption pursuant to § 522(p)(1).

---

[7] Because we reverse on other grounds, it is not necessary for us to address Debtor's other argument that the LLC held the Property "in trust."