**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

IN RE RICHARD JAMES SWINTEK,
*Debtor*,

CHARLES W. DAFF,
*Appellant*,

v.

KAREN M. GOOD,
*Appellee.*

No. 16-60003

BAP No.
14-1569

OPINION

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher, Kurtz, and Taylor, Bankruptcy Judges, Presiding

Argued and Submitted September 1, 2017
Pasadena, California

Filed October 22, 2018

Before: Kim McLane Wardlaw and Jay S. Bybee, Circuit
Judges, and Harvey Bartle III,* District Judge.

Opinion by Judge Bybee;
Dissent by Judge Wardlaw

---

*The Honorable Harvey Bartle III, United States District Judge for
the Eastern District of Pennsylvania, sitting by designation.

## SUMMARY[**]

---

### Bankruptcy

The panel affirmed the Bankruptcy Appellate Panel's decision reversing the bankruptcy court's grant of summary judgment in favor of the bankruptcy trustee in an adversary proceeding brought by a judgment creditor who, before the debtor filed for bankruptcy, obtained an Order for Appearance and Examination ("ORAP") lien encumbering the debtor's personal property under California law.

Due to the bankruptcy code's automatic stay on actions to recover on claims against a debtor, the judgment creditor was unable to execute on her lien, and she failed to renew it under state law.

The panel held that the period in which a creditor may execute on an ORAP lien constitutes "commencing or continuing a civil action . . . on a claim against a debtor" under the bankruptcy code's tolling provision, 11 U.S.C. § 108(c), and is thus tolled during the automatic stay. The panel remanded for further proceedings.

Dissenting, Judge Wardlaw wrote that an ORAP lien is merely a tool to enforcing a judgment, which by definition has ended the civil action, and thus does not fit within the scope of the plain language of § 108(c), which applies only to "commencing or continuing a civil action."

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Arjun Sivakumar (argued), Cathrine M. Castaldi, and Ronald Rus, Brown Rudnick LLP, Irvine, California, for Appellant.

Michael A. Wallin (argued), Slater Hersey & Lieberman LLP, Irvine, California, for Appellee.

---

**OPINION**

BYBEE, Circuit Judge:

Appellant Charles W. Daff, the trustee for the bankruptcy estate of Richard J. Swintek ("the debtor"), appeals from the Bankruptcy Appellate Panel's ("BAP") decision reversing the bankruptcy court's grant of summary judgment in the trustee's favor. Appellee Karen M. Good is a judgment creditor who, before the debtor filed for bankruptcy, obtained an "ORAP" lien encumbering the debtor's personal property under California law. Due to the bankruptcy code's automatic stay on actions to recover on claims against a debtor, Good was unable to execute on her lien, and she failed to renew it under state law.

This appeal presents the question of whether an ORAP lien falls within the scope of the code's tolling provision, which applies to "a period for commencing or continuing a civil action . . . on a claim against the debtor" that arose before the bankruptcy petition. 11 U.S.C. § 108(c). We hold that the period in which a creditor may execute on a lien constitutes the continuation of the original action that resulted in the judgment and is thus tolled during the automatic stay.

We therefore affirm the BAP's decision and remand for further proceedings.

I

This case originates from two money judgments awarded in 2001 in favor of non-parties and against the debtor. Good acquired these judgments by assignment in 2009 and renewed them in 2010. In June 2010, a California superior court issued an Order for Appearance and Examination ("ORAP"), which required the debtor to appear for a judgment-debtor examination. Good served the debtor with the order the same day and thus created a one-year "ORAP lien" encumbering the debtor's personal property under California Code of Civil Procedure § 708.110(d). *See S. Cal. Bank v. Zimmerman* (*In re Hilde*), 120 F.3d 950, 956 (9th Cir. 1997) ("[A]n ORAP lien is created simply by service on the debtor of an order to appear for a debtor's examination . . . .").

In August 2010, the debtor filed a Chapter 7 bankruptcy petition, and Daff became the bankruptcy estate's trustee. Good eventually filed proofs of claim in the bankruptcy case in the amounts of her judgments. In March 2013, Good commenced an adversarial proceeding seeking a declaration that her ORAP lien had a priority superior to that of the trustee. Both parties eventually moved for summary judgment. The trustee argued that Good's ORAP lien expired in June 2011 because it is undisputed that she failed to renew the lien under state law at the end of its one-year term. Good countered that, because the debtor filed for bankruptcy after the ORAP lien was created, the lien was tolled under § 108(c) of the bankruptcy code.

The bankruptcy court ruled in the trustee's favor, holding that the tolling provision is *not* applicable to ORAP liens and, consequently, that Good's lien expired in 2011.  The BAP reversed on appeal, concluding that this question is controlled by our decision in *Spirtos v. Moreno* (*In re Spirtos*), 221 F.3d 1079 (9th Cir. 2000), where we held that § 108(c) tolls the period for renewing a judgment.  *Good v. Daff* (*In re Swintek*), 543 B.R. 303, 309–11 (B.A.P. 9th Cir. 2015).

The trustee filed a timely appeal to this court.  At oral argument, however, it appeared that the parties disputed whether Good had properly served the debtor with the ORAP and thus whether a lien had *ever* encumbered his personal property.  This factual dispute raised a threshold question of justiciability because, if the ORAP lien never existed, our decision on § 108(c)'s applicability would be advisory.  We therefore remanded this case to the bankruptcy court, which confirmed that service was proper.[1]  Accordingly, we now turn to merits.[2]

---

[1] Indeed, the parties conceded on remand that the ORAP was properly served on the debtor.  This appeal, however, initially involved a second ORAP that Good claimed to have served on the debtor's wife.  The bankruptcy court determined that this third-party ORAP was *not* properly served and therefore did not encumber any of the debtor's property that his wife may have had in her possession or control.  Accordingly, only the ORAP served on the debtor in June 2010 remains at issue.

[2] We have jurisdiction over this appeal under 28 U.S.C. § 158(d).  We review de novo the BAP's decision, as well as "the bankruptcy court's grant of summary judgment."  *Ghomeshi v. Sabban* (*In re Sabban*), 600 F.3d 1219, 1221–22 (9th Cir. 2010).

## II

The question before us centers on the interplay between two sections of the bankruptcy code: the automatic stay under 11 U.S.C. § 362(a) and the tolling provision under § 108(c). Under § 362(a), the filing of a bankruptcy petition automatically triggers a stay "of actions by all entities to collect or recover on claims" against the debtor. *Burton v. Infinity Capital Mgmt.*, 862 F.3d 740, 746 (9th Cir. 2017). The stay "is designed to provide breathing space to the debtor, prevent harassment of the debtor, assure that all claims against the debtor will be brought in the sole forum of the bankruptcy court, and protect creditors as a class from the possibility that one or more creditors will obtain payment to the detriment of others." *Id*. The stay's scope is "quite broad" and "applies to almost any type of formal or informal action against the debtor or property of the estate." *Id*. at 746–47 (internal quotation marks and citations omitted). The statute enumerates several types of actions within the stay's scope that are relevant to this case:

> (1) the *commencement or continuation* . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

> (2) the *enforcement*, against the debtor or against property of the estate, *of a judgment* obtained before the commencement of the case under this title;

. . . .

> (4) any act to create, perfect, or *enforce any lien* against property of the estate;

11 U.S.C. § 362(a) (emphasis added).

The stay on such actions remains in place throughout the bankruptcy's pendency. *Id*. § 362(c). Given the fact that proceedings can span months or (as demonstrated in this case) years, claims that creditors might hold against a debtor are liable to expire before the discharge is granted or denied. The code therefore implements a tolling provision under § 108(c), which provides in relevant part: "[I]f applicable nonbankruptcy law . . . fixes a period for *commencing or continuing a civil action* in a court other than a bankruptcy court on a claim against the debtor, . . . and such period has not expired before the date of the filing of the petition, then such period does not expire until . . . 30 days after notice of the termination or expiration of the stay under section 362 . . . ." 11 U.S.C. § 108(c) (emphasis added).

Here, the applicable nonbankruptcy law is the California ORAP statute. This statute allows a judgment creditor to apply to a California court "for an order requiring the judgment debtor to appear before the court . . . to furnish information to aid in enforcement of the money judgment [i.e., an ORAP]." CAL. CIV. PROC. CODE § 708.110(a). A creditor's service of the order upon the debtor "creates a lien on the personal property of the judgment debtor for a period of one year from the date of the order unless extended or sooner terminated by the court." *Id*. § 708.110(d).

As noted above, the ORAP lien at issue was set to expire during mid-2011, which was after the debtor filed his bankruptcy petition and thus during the automatic stay. Whether the lien has expired depends on whether § 108(c) applies to it and thus tolled its one-year duration.[3] Specifically, we must determine whether the period in which a creditor may execute on an ORAP lien constitutes "commencing or continuing a civil action" under the bankruptcy code's tolling provision. *See* 11 U.S.C. § 108(c).

The trustee contends that the code distinguishes between the concepts of *enforcing* a judgment—e.g., by executing on a lien—and *continuing* an action. In interpreting the phrase "commencing or continuing a civil action" under § 108(c)'s tolling provision, the trustee relies on the text of § 362(a)'s *stay* provision. As seen in the excerpt above, § 362(a)(1) first states that the stay applies to the "commencement or continuation . . . of a[n] . . . action or proceeding against the debtor," thus using language nearly identical to § 108(c). *Compare* 11 U.S.C. § 362(a)(1) *with* 11 U.S.C. § 108(c). Section 362(a), however, *separately* addresses staying "the enforcement . . . of a judgment" against the debtor in its subsequent subsection. *Id.* § 362(a)(2). Thus, in the trustee's view, treating the enforcement of a judgment as the continuation of a civil action would render the subsections of the stay provision redundant. And because the tolling provision is the counterpart to the automatic stay, the trustee

---

[3] The BAP characterized the ORAP lien's one-year period as a statute of duration rather than a statute of limitation. *In re Swintek*, 543 B.R. at 307. Neither party challenges this determination on appeal, and as the BAP correctly noted, § 108(c) makes no distinction between statutes of limitation and duration. *Id.* at 308 (citing *Miner Corp. v. Hunters Run Ltd. P'ship* (*In re Hunters Run Ltd. P'ship*), 875 F.2d 1425, 1427 (9th Cir. 1989)).

contends that the phrase "commencing or continuing a civil action" in the former should be read identically to the "commencement or continuation . . . of a[n] . . . action or proceeding" in the latter. *See Mertens v. Hewitt Assocs.*, 508 U.S. 248, 260 (1993) ("[L]anguage used in one portion of a statute . . . should be deemed to have the same meaning as the same language used elsewhere in the statute . . . ."). The trustee therefore concludes that the tolling provision does *not* apply to the *enforcement* of a judgment through means such as the ORAP lien at issue.

This argument is premised on the assumption that each subsection under § 362(a) enumerates a distinct, mutually-exclusive form of creditor activity that falls within the stay's scope. There is clear overlap, however, throughout the stay provision's text. Subsection (2), for instance, encompasses "the *enforcement*, against the debtor or against property of the estate, of a judgment," while subsections (4) and (5) also collectively address "any act to create, perfect, or *enforce* any lien against property of the estate" or "of the debtor." 11 U.S.C. § 362(a)(2, 4–5) (emphasis added). Subsection (6) similarly encompasses "any act to collect, assess, or recover a claim against the debtor." *Id*. Indeed, this "language is from time to time duplicative" in order to ensure that "virtually all acts to collect [pre-bankruptcy] claims and all actions that would affect property of the estate are stayed." 3 COLLIER ON BANKRUPTCY ¶ 362.03 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2017). Accordingly, the fact that § 362(a) refers to both "the enforcement . . . of a judgment" and "commencing or continuing a civil action" does not demonstrate that these creditor activities are mutually exclusive.

Moreover, the trustee's textual argument does not account for our decisions in *Spirtos* and *Miner Corp. v. Hunters Run Ltd. P'ship* (*In re Hunters Run Ltd. P'ship*), 875 F.2d 1425 (9th Cir. 1989). In *Spirtos*, a creditor obtained a California judgment several years before the debtor filed for bankruptcy but failed to renew the judgment under state law. 221 F.3d at 1080. Because the judgment's ten-year statute of duration would have expired while the automatic stay was in effect, the question on appeal was whether § 108(c) tolled this period. *Id*. We held that it did. *Id*. ("[S]ection 108(c) appears to cover our situation. The California statute of duration is a nonbankruptcy law that applies to the [creditor's] judgment."). The trustee attempts to distinguish this holding by highlighting the fact that *Spirtos* addressed the renewal of a judgment itself rather than the renewal of a lien. He asserts that, without a valid, unexpired judgment, a creditor would have no claim against the debtor or his estate, and therefore, a judgment's renewal is distinguishable from its enforcement.

While this is a fair point, *Spirtos* relied in part on our earlier decision in *Hunters Run*, where we held that § 108(c) tolled "the period during which [a] creditor could enforce its [mechanic's] lien." *Spirtos*, 221 F.3d at 1081 (citing *Hunters Run*, 875 F.2d at 1428). One of the parties in *Spirtos* argued that, under *Hunters Run*, § 108(c) applies only if § 362(a) bars a creditor from *renewing* a judgment or lien while the automatic stay is in place.[4] *Id*. We rejected this narrow

---

[4] The same party in *Spirtos* contended that the automatic stay prevented the creditor only from *enforcing* her judgment—not from *renewing* it under state law. Because we ultimately held that the tolling provision's applicability does not depend on whether a creditor is barred from renewing a judgment, we declined to reach this issue. *Spirtos*,

interpretation of our precedent, clarifying that *Hunters Run* "stands for the proposition that section 108(c) extends the limitations period so long as the creditor is barred by the automatic stay from *enforcing its judgment* against the property of the estate." *Id*. (emphasis added). Therefore, in *Spirtos*, it was "the creditor's *inability to enforce the judgment* for a portion of the ten-year period that [kept] the period of duration open under section 108(c)." *Id*. (emphasis added).

Here, the imposition of the automatic stay similarly barred Good from executing on her ORAP lien and thus enforcing her judgment. Indeed, the ORAP lien is the modern iteration in California's long history of providing judgment creditors with a "supplemental proceeding[] for the purpose of discovering assets of a judgment debtor and applying them *to satisfaction of the judgment*." 8 B.E. WITKIN, CALIFORNIA PROCEDURE § 277 (5th ed. 2018) (emphasis added) (stating that the ORAP statute "continues the former authorization of examination proceedings"); *see also Smith v. Smith*, 124 P.2d 117, 119 (Cal. Dist. Ct. App.

---

221 F.3d at 1081; *see also Morton v. Nat'l Bank of N.Y.C.* (*In re Morton*), 866 F.2d 561 (2d Cir. 1989) (holding that § 362(a) does *not* bar a creditor from renewing a lien but that § 108(c) makes such renewal "unnecessary for continuation of the lien until after the automatic stay is lifted"). And while the trustee here does not explicitly advance the same argument, he does in part frame the question before us as whether the *renewal* of an ORAP lien constitutes commencing or continuing a civil action. Indeed, he emphasizes that Good could have avoided this litigation by renewing her lien. As in *Spirtos*, we take no position on whether the automatic stay would have barred such renewal because, as discussed below, the determinative factor for tolling is whether the stay prevented Good from enforcing her judgment by executing on her lien.

1942) (discussing the history of supplemental proceedings in California).

The trustee nonetheless contends that § 108(c) is inapplicable. He asserts that the mechanic's lien at issue in *Hunters Run* is distinguishable from an ORAP lien because the former was a statutory lien that did not result from a judgment.[5] *See Hunters Run*, 875 F.2d at 1425. Thus, according to the trustee, if the mechanic's lien had expired, its holder—like the judgment creditor in *Spirtos*—would not have had a claim against the debtor, with whom the lienholder lacked contractual privity. Here, by contrast, the expiration of Good's ORAP lien would still leave her with a valid judgment. The only effect on her claim against the estate would be her loss of *priority* as a secured creditor in the distribution of the estate's assets because she would become an unsecured judgment creditor.

But the distinction that the trustee attempts to draw between claim preservation and claim priority finds no basis in our analysis in *Hunters Run*. Nor has he persuaded us that we should adopt such a distinction. He cites only to *Hazen First State Bank v. Speight*, 888 F.2d 574 (8th Cir. 1989). *Hazen*, however, is inapposite, as it addressed a contract between two creditors that altered the priority of their secured

---

[5] The trustee also cursorily cites the fact that, under Washington law, the mechanic's lien at issue would have expired within eight months of its creation unless its holder initiated a foreclosure action against the encumbered real property. *Hunters Run*, 875 F.2d at 1426 & n.2. But this simply reflects the lien's duration—i.e., the period in which the lienholder could foreclose on the property and sell it in order to satisfy the amount owed to him. Here, absent a renewal by the state court, Good had one year in which to execute on her lien against the debtor's personal property in order to satisfy her judgment against him.

interests, which the Eighth Circuit held was outside § 108(c)'s scope. 888 F.2d at 577 ("[S]ection 108(c) has no application to an agreement fixing the time to maintain the Bank's lien priority pursuant to an agreement between the Bank and the" other secured creditor. (internal quotation marks omitted)).

Moreover, in both *Hunters Run* and *Spirtos*, we approvingly cited to a Second Circuit decision addressing the applicability of § 108(c) to a *judgment* lien. *Spirtos*, 221 F.3d at 1081 (citing *Morton v. Nat'l Bank of N.Y.C.* (*In re Morton*), 866 F.2d 561 (2d Cir. 1989)); *Hunters Run*, 875 F.2d at 1429 ("Finally, our approach here corresponds with that recently announced by the Second Circuit addressing 'the question whether section 108(c) tolls the expiration of periods governing the life of statutory liens.'" (quoting *Morton*, 866 F.2d at 566)). In *Morton*, there was a dispute as to whether a bank failed to renew a New York judgment lien that encumbered the debtors' real property and had a ten-year term set to expire during the automatic stay. 866 F.2d at 561–62. The Second Circuit held that, regardless of this dispute, the ten-year period was tolled. *Id.* at 566. The court reasoned that "congress significantly broadened the scope of [the bankruptcy code's tolling] provision by enacting § 108(c), which deals not only with the commencement of actions, but also with their continuation." *Id*. at 565. And because the judgment lien at issue fixed the period in which the bank could enforce its judgment by executing on the lien, the court concluded that "[s]uch an execution is *supplemental to the original action* that gave rise to the judgment, and is thus *part of a 'continuing' action* against the debtor." *Id.* at 566 (emphasis added) (citations omitted).

Although we signaled agreement with this reasoning in *Spirtos* and *Hunters Run*, we now expressly adopt it and hold that the period in which a creditor may enforce a judgment by executing on a lien constitutes the continuation of the original action that resulted in the judgment. We note that this understanding of the tolling provision comports with California's own perception of the ORAP examination as part of the original civil action that gave rise to a judgment. *See Smith*, 124 P.2d at 119. ("Supplementary proceedings . . . are regarded as proceedings in an action, but auxiliary and supplementary thereto." (citation omitted)). Because California law afforded Good one year in which she could execute on her ORAP lien and a portion of that period coincided with the automatic stay, we find that § 108(c) tolled the period.

### III

Accordingly, we **AFFIRM** the BAP's decision reversing the bankruptcy court's grant of summary judgment in favor of the trustee, and we **REMAND** for further proceedings consistent with this opinion.

---

WARDLAW, Circuit Judge, dissenting:

I respectfully dissent. The plain language of 11 U.S.C. § 108(c), the Bankruptcy Code's extension provision, applies to fixed periods of time only "for commencing or continuing a civil action . . . ." Karen Good's secret ORAP lien on personal property, requiring Swintek to appear for a judgment-debtor examination, is simply a different animal. An ORAP lien is merely a tool to enforcing a judgment,

which by definition has ended the civil action. And Karen Good had recourse when Swintek filed for bankruptcy. In the precise sentence that allowed her to create the lien through service on the debtor, the statutory language permits her to seek an extension of the lien from the court.

California's ORAP is a unique enforcement tool. After a final judgment, California allows judgment creditors to obtain "an order requiring the debtor to appear before the court . . . to furnish information to aid in enforcement of the money judgment." Cal. Code Civ. Proc. § 708.110(a). Creditors may create a lien on the debtor's personal property by serving the ORAP on the debtor. The ORAP lien begins on the day of service and lasts for one year unless the court extends or terminates it. *Id.* § 780.010(d). The statute for ORAP liens, unlike most liens, "omits any requirement of a court order to perfect the lien." *In re Hilde*, 120 F.3d 950, 955 (1997). Sometimes called a "secret lien," ORAP liens can be nearly impossible to locate, requiring creditors to "examine court files for lawsuits in which the debtor has been sued to determine whether a judgment remains unsatisfied." *Id.* at 956.

These unique judgment enforcement liens do not fit within the scope of the plain meaning of 11 U.S.C. § 108(c). "The plain meaning of legislation should be conclusive, except in the rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters." *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 242 (1989) (quotation and alteration marks omitted). Section 108(c) provides that "a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor" lasts until the later of "the end of such period" or "30 days

after notice of the termination or expiration of the stay under section 362." 11 U.S.C. § 108(c). The ORAP lien does not involve a "commencement or continuation" of a civil action. Created only after the termination of an action, it involves enforcement, which section 108(c) explicitly does not address. This omission in section 108(c) is particularly persuasive compared to section 362(a) of the bankruptcy statute, which provides an automatic stay on not only "commencement or continuation" but also "enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title." 8 U.S.C. § 362(a). "When a statute omits a specific matter from its coverage, the inclusion of such a matter in another statute on a related subject demonstrates an intent to omit the matter from the coverage of the statute in which it is not mentioned." *In re Hilde*, 120 F.3d at 955 (citation and alteration marks omitted). The majority is incorrect that we cannot interpret section 108(c) in the context of section 362(a). Even if some actions can be construed as both "commencement and continuation" and "enforcement" under 362(a), this does not change the nature of the ORAP lien, which is a means of "enforcement" only.

*In re Spirtos*, 221 F.3d 1079 (9th Cir. 2000) and *In re Hunters Run Ltd. P'ship*, 875 F.2d 1425 (9th Cir. 1989) are inapposite. Each of these two cases involve renewals of the underlying claim—not priority. *Spirtos* involved not a lien at all but the underlying judgment. 221 F.3d at 1080. The creditor had obtained a medical malpractice judgment against Spirtos, which became unenforceable after ten years if not renewed. *Id.* Renewal of the judgment itself is a continuation of the original civil action within the meaning of section 108(c). The majority's expansive reading of our comment in *Spirtos* that "section 108(c) extends the

limitations period so long as the creditor is barred by the automatic stay from enforcing its judgment against the property of the estate" is unavailing. 221 F.3d at 1081. We stated this in the context of an underlying judgment, not an ORAP lien, and the comment simply clarified *Spirtos*'s holding that tolling applies whether or not section 362(a) applied to stay renewal, in addition to enforcement, of the judgment. *Id.*

*Hunters Run* similarly examined a Washington mechanic's lien that would cease to exist unless the creditor brought a foreclosure lawsuit within eight months. 875 F.2d at 1426–27. With the existence of this mechanic's lien statutorily attached to the commencement of a foreclosure lawsuit, the claim at issue in *Hunters Run* was plainly within the scope of section 108(c)'s "commencing" a civil action.[1]

In both *Spirtos* and *Hunters Run*, the judgment and mechanic's lien foreclosure lawsuit were public, recorded events. In both cases, the application of section 108(c) saved the creditor's claim. And in both cases, the judgment and mechanic's lien foreclosure lawsuit constituted "commencing or continuing a civil action." Here, by contrast, the ORAP lien is a secret lien created by service, and the judgment remains valid because the expiration of the ORAP lien only deprives Good of priority. "The purpose of section 108(c) is to prevent a debtor from taking advantage of the bankruptcy scheme by filing for bankruptcy and then waiting for the

---

[1] The majority further points to a Second Circuit case, *Morton v. Nat'l Bank of N.Y.C.*, 866 F.2d 561 (2d Cir. 1989), which involves a judgment lien. The fact that *Spirtos* and *Hunters Run* cite to *Morton*, is of no consequence. Neither *Spirtos* nor *Hunters Run* dealt with liens akin to an ORAP lien.

statute of limitations to run on the creditor's claim," and such a "purpose is not forwarded by the application of section 108(c)" to a case about loss of priority status. *Hazen First State Bank v. Speight*, 888 F.2d 574, 577 (8th Cir. 1989) (finding that section 108(c) does not extend the expiration date of a subordination agreement between two creditors). The BAP, in finding for Good, expressed concern that failure to toll Good's ORAP lien would "give the debtor the power to eliminate certain secured claims simply by filing for bankruptcy at the appropriate time and then allowing the limitation period to run while it remained under the protection of the automatic stay." *In re Swintek*, 543 B.R. 303, 311 (B.A.P. 9th Cir. 2015) (citing *In re Morton*, 866 F.2d 561, 567 (2d Cir. 1989)). These concerns present no problem here because the record does not show, and Good does not claim, that the debtor would benefit from Good's loss of priority.

Allowing Good to maintain her priority despite her failure to renew the ORAP lien, on the other hand, creates problems of inequity. The majority's decision to allow ORAP liens, which are by nature temporary tools of judgment enforcement, to become a secured claim in a bankruptcy proceeding without time limitations, would lead to inequitable results among other creditors. This could not have been what Congress intended.