**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| IN RE RICHARD R. LANE,<br>*Debtor*, | No. 18-60059<br><br>BAP No.<br>16-1405 |
| NATHANIEL LANE; ELIZABETH LANE,<br>*Appellants*,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON;<br>BAYVIEW LOAN SERVICING, LLC,<br>*Appellees.* | OPINION |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Brand, Spraker, and Taylor, Bankruptcy Judges, Presiding

Argued and Submitted February 7, 2020
San Francisco, California

Filed June 1, 2020

Before: Richard A. Paez and Carlos T. Bea, Circuit Judges,
and Lynn S. Adelman,[*] District Judge.

Opinion by Judge Adelman

---

[*] The Honorable Lynn S. Adelman, United States District Judge for
the Eastern District of Wisconsin, sitting by designation.

## SUMMARY[**]

### Bankruptcy

The panel affirmed the Bankruptcy Appellate Panel's opinion reversing the bankruptcy court's summary judgment in favor of a Chapter 13 debtor in the debtor's adversary proceeding seeking a declaration that a lien securing a disallowed claim was void.

The panel held that a bankruptcy court may not void a lien under 11 U.S.C. § 506(d) when a claim relating to the lien is disallowed because the creditor who filed the proof of claim did not prove that it was the person entitled to enforce the debt the lien secures. Accordingly, the panel affirmed the BAP's decision to reverse the bankruptcy court's summary judgment and award of attorney's fees in favor of the debtor.

### COUNSEL

Stanley A. Zlotoff (argued), Law Office of Stanley A. Zlotoff APC, San Jose, California, for Appellants.

Lewis R. Landau (argued), Calabasas, California; Edward G. Schloss, Edward G. Schloss Law Corp., Los Angeles, California; for Appellees.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

ADELMAN, District Judge:

We are asked to decide whether a bankruptcy court may void a lien under 11 U.S.C. § 506(d) when a claim relating to the lien is disallowed because the creditor who filed the proof of claim did not prove that it was the person entitled to enforce the debt the lien secures. We hold that it may not.

I.

Richard Lane filed a Chapter 13 bankruptcy case in May 2011. On one of his schedules, he disclosed that he owned real estate in Sunnyvale, California, with a value of $420,000. The property was subject to secured claims totaling $699,514. A second schedule listed "Bank of America Home Loans" as a creditor holding a secured claim on the property in the amount of $625,620. With respect to this claim, Lane wrote that he disputed the "real party in interest."

Under his original Chapter 13 plan, Lane proposed to make monthly payments of $1,533 to Bank of America. He wrote that he disputed the claim and that, until someone proved that it was the real party in interest, he would "bank" the monthly payments.

In July 2011, an attorney entered an appearance in the case on behalf of The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of the CWALT, Inc. Alternative Loan Trust 2006-OA9 Mortgage Pass-Through Certificates, Series 2006-OA9. As the name implies, the CWALT Trust is a mortgage-backed security, and the Bank of New York Mellon (which the parties refer to as "BONY") is the trustee. BONY filed an

objection to confirmation of Lane's plan in which it alleged that the trust had a secured interest in the real estate.

In September 2011, BONY filed a proof of claim in the amount of $676,341.19 and represented that the claim was secured by a deed of trust (a lien on real estate that is similar to a mortgage). The proof of claim attached a copy of the promissory note, which showed that the original lender was Countrywide Homes Loans, Inc. Countrywide later endorsed the note "in blank," which made it payable to the bearer. *See* Cal. Com. Code § 3205(b). The proof of claim also attached a copy of the deed of trust and an assignment of the note and deed of trust to BONY on behalf of the CWALT Trust.

Lane objected to BONY's claim. He alleged that the claim "fail[ed] to establish standing" and failed to establish that BONY was "the person entitled to enforce payment on the claim." The objection contained no factual allegations or legal argument other than these two brief statements. The objection requested an order providing that the claim was "disallowed in its entirety."

BONY's attorney did not file a timely response to Lane's objection. Lane then filed a motion for the court to enter a "default order" sustaining his objection to the claim. The bankruptcy court signed an order stating that the "[o]bjection is sustained" and that the claim is "disallowed in its entirety."

Later, Lane filed documents in which he noted that the court's order disallowing BONY's claim rendered BONY's earlier-filed objection to plan confirmation moot. BONY conceded this point and withdrew its objection. The bankruptcy court then confirmed the plan. Lane completed the plan and received a discharge on November 12, 2015. As

far as we can tell, Lane did not "bank" payments or otherwise pay the debt secured by the deed of trust as part of his plan.

After receiving his discharge, Lane filed an adversary complaint against BONY and its servicing agent, Bayview Loan Servicing, LLC. Lane alleged that, because the court had disallowed BONY's claim, the court should declare the lien (*i.e.*, the deed of trust) void under 11 U.S.C. § 506(d), a provision of the Bankruptcy Code providing that, subject to certain exceptions, liens securing disallowed claims are void. Lane also requested attorneys' fees under California Civil Code § 1717.

In response to the adversary complaint, BONY—now represented by different counsel—moved for reconsideration of the default order disallowing its claim. BONY argued that Lane had not properly served it with his objection to its claim and that its prior attorney had erred in not responding to the objection. The bankruptcy court denied the motion for reconsideration.

Lane moved for summary judgment on his claims that the lien was void and that he was entitled to attorneys' fees. The bankruptcy court granted this motion and entered orders voiding the lien and awarding Lane the attorneys' fees he incurred in the adversary case and in opposing BONY's motion for reconsideration.

BONY appealed the orders voiding the lien and granting attorneys' fees to the Bankruptcy Appellate Panel ("BAP"). In a published opinion, the BAP reversed the orders. *See In re Lane*, 589 B.R. 399 (B.A.P. 9th Cir. 2018), *corrected*, (Sept. 26, 2018). The BAP determined that § 506(d) does not void a lien securing a claim when a proof of claim relating to the lien is disallowed on the ground that the claim filer

had not shown that it was the person entitled to enforce the promissory note associated with the lien. The BAP noted that when a claim is disallowed on this ground, it implies that the lien secures a claim that belongs to someone else—namely, the person entitled to enforce the note. The BAP reasoned that, under these circumstances, voiding the lien would deprive the person entitled to enforce the note of due process because that person had not been given notice and an opportunity to be heard. The BAP also reversed the award of attorneys' fees.

Lane appealed the BAP's order to this court. While the appeal was pending, Lane died. The joint executors of his estate, Nathaniel Lane and Elizabeth Lane, have been substituted as appellees under Federal Rule of Appellate Procedure 43(a).

## II.

Whether the bankruptcy court properly granted summary judgment to Lane under 11 U.S.C. § 506(d) presents a question of law that this Court reviews de novo. *See, e.g.*, *In re Swintek*, 906 F.3d 1100, 1102 n.2 (9th Cir. 2018).

## A.

To explain § 506(d), it helps first to explain the bankruptcy claim-filing process. A "claim" is a right to payment, *see* 11 U.S.C. § 101(5), such as the right to payment under the promissory note at issue in this case. If a creditor wants to receive payments on a claim through the bankruptcy proceeding, it must file a proof of claim. *See* 11 U.S.C. § 501; Fed. R. Bankr. P. 3002(a).

Importantly, however, a *secured* creditor might decide to bypass the bankruptcy proceeding and not file a proof of

claim. This is because a secured creditor has the option of enforcing its claim against the debtor in two ways: (1) against the debtor personally (*in personam*), or (2) against the collateral (*in rem*). *See In re Blendheim*, 803 F.3d 477, 486 (9th Cir. 2015). If the secured creditor does not file a proof of claim, it will forfeit its right to proceed against the debtor personally—the creditor will receive no payments through the bankruptcy proceeding and the creditor's right to proceed against the debtor personally will be discharged. *Id.* However, under a longstanding principle of bankruptcy law, the creditor may ignore the bankruptcy proceeding, in which case its lien will pass through the proceeding unaffected. *See, e.g., Dewsnup v. Timm*, 502 U.S. 410, 417–19 (1992); *Long v. Bullard*, 117 U.S. 617, 620–21 (1886). If the creditor bypasses the bankruptcy proceeding, it may enforce its lien in a foreclosure proceeding outside of the bankruptcy. *See In re Blendheim*, 803 F.3d at 486. In that event, the creditor will apply the proceeds of the foreclosure sale to the balance of the debt. However, if the proceeds do not satisfy the debt, the creditor may not look to the debtor for a deficiency judgment because the creditor lost its right to proceed against the debtor personally by not filing a proof of claim during the bankruptcy case. *Id.*

Here, we note that persons other than the creditor who allegedly holds the claim may file a proof of that claim and then give notice to the creditor that a proof of claim has been filed on its behalf. For example, if a creditor does not file a proof of claim within the time permitted for doing so, the debtor or the trustee may file a proof of claim on that creditor's behalf. *See* Fed. R. Bankr. P. 3004. A debtor or trustee might do this if the creditor's claim is nondischargeable and therefore the creditor has no need to file a claim, but the debtor or trustee wishes to provide for

payments to that creditor through the bankruptcy proceeding. *See* 4 Collier on Bankruptcy ¶ 501.04 (Richard Levin & Henry J. Sommer eds., 16th ed.).

If someone files a proof of claim, that claim will be "allowed" unless an objection is filed by a party in interest. *See* 11 U.S.C. § 502. If an objection is filed, the bankruptcy court must adjudicate the objection and determine whether the claim should be allowed. If the court determines that the claim should not be allowed—meaning that the creditor has no right to payment on the claim through the bankruptcy proceeding—the court enters an order disallowing the claim. Such an order is a final judgment for purposes of appeal and *res judicata. See Siegel v. Fed. Home Loan Mortg. Corp.*, 143 F.3d 525, 529 (9th Cir. 1998).

Here is where § 506(d) comes into the picture. It provides:

> To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless—
>
> > (1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or
> >
> > (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

11 U.S.C. § 506(d). The purpose of this provision is to allow the bankruptcy court to void a lien after it determines that the claim the lien secures is invalid. *See Matter of Tarnow*, 749 F.2d 464, 466 (7th Cir. 1984). The general idea is that if

a creditor does not have a good secured claim, it does not have a valid lien, and therefore the court should void the lien. *Id.* For example, say a secured creditor files a proof of claim relating to a mortgage debt. The debtor objects to the claim on the ground that the debt has been completely repaid, and therefore nothing more is owed. The bankruptcy court sustains this objection and disallows the claim, which means that the debt is deemed satisfied and the lien is no longer valid. Under § 506(d), the lien is void—the lien "secures a claim against the debtor that is not an allowed secured claim" and neither of the two exceptions applies.

In the present case, however, the second exception to § 506(d) is relevant. It preserves the lien of a secured creditor who chooses to bypass the bankruptcy and enforce its lien outside of bankruptcy. Technically, a secured creditor who does not file a proof of claim will hold "a claim against the debtor that is not an allowed secured claim" and thus would seem to be in danger of losing its lien under § 506(d). However, the second exception to § 506(d) saves the lien by providing that if the claim "is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title," then the lien is not void. 11 U.S.C. § 506(d)(2). Thus, if a secured creditor does not file a proof of claim (and no other entity files a proof of claim on its behalf), its lien will pass through the bankruptcy unaffected.

## B.

Having explained the mechanics of claim filing and lien voidance, we may discuss what happened in this case.

After Lane filed his bankruptcy case, BONY filed a timely proof of claim. Lane objected to the claim on the grounds that it "fail[ed] to establish that [BONY] has

standing" and "fail[ed] to establish that, pursuant to applicable law, [BONY] is the person entitled to enforce payment on the claim." In the context of a mortgage debt or debt secured by a deed of trust, these objections essentially mean the same thing: the debtor is challenging whether the claim filer is "the person entitled to enforce" the note that created the debt. *See In re Veal*, 450 B.R. 897, 902 (B.A.P. 9th Cir. 2011).

The concept of "the person entitled to enforce" the note is governed by Article 3 of the Uniform Commercial Code. *See id.* at 908–12. Under the UCC, the maker of a note—in this case, Lane—must pay the amount of the note to the person entitled to enforce it. *See, e.g.,* Cal. Com. Code § 3412. Thus, if the person who files the proof of claim is *not* the person entitled to enforce the note, then that person does not have a claim against the debtor. Essentially, a finding that the claim filer is not the person entitled to enforce the note is a finding that the filer is not the true creditor—it is a finding that someone other than the claim filer may be the person entitled to payment under the note.

Importantly, such a finding does not imply that either the note or the lien securing the note is invalid. Rather, such a finding simply establishes that, to the extent there is a valid note secured by a valid lien, the person before the court is not the person entitled to prosecute the claim for payment under the note or to foreclose the lien. As far as the court is concerned, there might be some person out in the world who is entitled to enforce the note, and that person might also hold a valid lien securing the note. If there is such a person, then the debtor owes payments to that person, and if he does not make them, then that person may foreclose on the collateral.

Accordingly, when the bankruptcy court entered the claim-disallowance order, it found that BONY was not the person entitled to enforce the promissory note creating Lane's mortgage debt. It did not find that the note or any lien securing it was invalid or otherwise unenforceable. As far as the bankruptcy record showed, someone other than BONY was the person entitled to enforce the note, and possibly that person also held a valid lien securing the note. No entity in the bankruptcy proceeding filed a proof of claim on behalf of that person, and thus perhaps the person was exercising its right to bypass the bankruptcy and foreclose its lien outside of the bankruptcy.

At this point, we can ask whether the claim-disallowance order had the effect of rendering any lien securing the note void under § 506(d). The answer is that it did not. This is because, under the factual record created when the court entered the claim-disallowance order, the person entitled to enforce the note did not file a proof of claim. Again, the claim-disallowance order found that BONY was not the person entitled to enforce the note, and therefore BONY was not the person that Lane was supposed to pay. Thus, the court found that, to the extent there is a "claim" consisting of a right to payment under the note, it belonged to someone other than BONY. But if the claim belonged to someone other than BONY, and if a lien secured that person's claim, then BONY's actions in the bankruptcy case could not result in voidance of the lien securing the claim. In a nutshell, a bankruptcy court cannot destroy the property rights of the person who is the real party in interest based on the actions of a person who is not the real party in interest.

To put this in the language of § 506(d), to no "extent" did a lien secure BONY's claim against Lane. Instead, if there was a lien, it secured the claim of the real party in

interest—the person entitled to enforce the note. But, according to the bankruptcy court, the real party in interest did not file a proof of claim, and no one filed a proof of claim on that party's behalf. Thus, that party's lien would not be void because the second exception to § 506(d) protects it: the lien "secures a claim against the debtor that is not an allowed secured claim" but "such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title." Yes, BONY filed a proof of claim, but the court found that BONY was not the real party in interest, and therefore BONY's proof of claim must be disregarded for purposes of applying § 506(d).

Now, in the real world—as opposed to the world created by the bankruptcy court's findings—BONY almost certainly is the person entitled to enforce Lane's promissory note, and the lien almost certainly secures BONY's claim. Indeed, as the BAP noted, there are documents in the record showing that the note and the deed of trust had been assigned to BONY. *See In re Lane*, 589 B.R. at 403, 410. Had BONY responded to Lane's objection instead of defaulting, the bankruptcy court likely would have overruled the objection. But, because BONY defaulted, the bankruptcy court found that BONY was not the real party in interest, and that finding was not appealed or reconsidered by the bankruptcy court. Thus, for purposes of this case, we must assume that BONY is not the person entitled to enforce the note. Under that assumption, § 506(d) does not void the lien securing the note.

The bankruptcy court thought that it was bound by this Court's decision in *In re Blendheim*, 803 F.3d 477 (9th Cir. 2015). That case is superficially like this one, in that it involved a secured creditor who did not respond to an objection to its proof of claim. After the secured creditor

defaulted, the bankruptcy court entered an order disallowing the claim. Later, the debtor filed an adversary compliant alleging that the creditor's lien was void under § 506(d). The bankruptcy court agreed and voided the lien. This Court affirmed, stating that "if a claim is disallowed, then under § 506(d) . . . the claim's associated lien is void." *Id.* at 490.

Importantly, however, *Blendheim* did not involve a claim that was disallowed on the ground that the claim filer was not the person entitled to enforce the note. Instead, the debtor objected to the claim on the ground that the creditor did not attach a copy of the promissory note to its proof of claim and the copy the debtor possessed appeared to bear a forged signature. *Id.* at 481. Thus, when the bankruptcy court sustained the objection and disallowed the claim, it did not find that the creditor who filed the proof of claim was not the real party in interest. Instead, it found that the note giving rise to the claim was invalid. Under those findings, § 506(d) voided "the claim's associated lien." *Id.* at 490. In the present case, the bankruptcy court found that BONY was not the person entitled to enforce the claim. Thus, the proof-of-claim filer did not have a claim with an "associated lien," as did the claim filer in *Blendheim*. Instead, the lien was "associated" with the claim belonging to the real party in interest, who, according to the bankruptcy court's findings, did not file a proof of claim. Thus, unlike in *Blendheim*, § 506(d) does not void the lien on Lane's real estate.

For these reasons, we agree with the BAP that the bankruptcy court erred in voiding the lien. However, we add that we do not entirely agree with the BAP's reasoning. According to the BAP, when the bankruptcy court voided the lien, it "violated an unknown party's due process rights by expunging its deed of trust without notice and an opportunity to be heard." *In re Lane*, 589 B.R. at 411. We do

not think the record shows that anyone's due-process rights have been violated. Instead, what the record shows is that it is *possible* that some third party's due-process rights have been violated. Under the bankruptcy court's findings, BONY failed to prove that it was the true creditor, and thus the bankruptcy court was required to assume that the note and lien belonged to an absent third party and that this third party did not receive notice and an opportunity to be heard in the adversary proceeding. However, in the real world, BONY likely is the true creditor—it just failed to prove this fact when it was asked to do so. BONY, of course, received notice and an opportunity to be heard, and therefore voiding the lien could not have violated BONY's due-process rights. Accordingly, based on the bankruptcy court's findings, the most that we can say is that we do not know whether voiding the lien would have deprived an unknown party of its due-process rights.

## III.

Consistently applying the bankruptcy court's finding that BONY was not the person entitled to enforce Lane's mortgage debt shows that the deed of trust securing that debt is not void under § 506(d). Under the bankruptcy court's finding, the deed of trust "secures a claim against the debtor that is not an allowed secured claim," but "such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim." 11 U.S.C. § 506(d). Therefore, the BAP's decision reversing the bankruptcy court's order granting Lane's motion for summary judgment should be affirmed. Lane conceded that if we affirm the BAP on this issue, then the order reversing the fee award should also be affirmed. *See* Reply Br. at 10. Accordingly, we also affirm the BAP's decision to reverse the fee award.

**AFFIRMED.**