NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 3 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TWINROCK HOLDINGS, LLC,

Plaintiff-Appellant,

v.

CITIMORTGAGE, INC.; et al.,

Defendants-Appellees.

No.   23-15213

D.C. No.
2:22-cv-00143-JAD-VCF

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted March 6, 2024
Las Vegas, Nevada

Before:  M. SMITH, BENNETT, and COLLINS, Circuit Judges.

Twinrock Holdings, LLC ("Twinrock") sued CitiMortgage, Inc. ("Citi") and

Breckenridge Property Fund 2016, LLC.  The district court dismissed the operative

amended complaint for failure to state a claim.  Twinrock appeals the dismissal of

several of its claims based on Nevada's ancient lien statute, Nev. Rev. Stat.

§ 106.240, the dismissal of its unjust enrichment claim, and the dismissal of the quiet

---

        *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

title claim based on a bona fide purchaser theory. We have jurisdiction under 28 U.S.C. § 1291 and affirm. Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling.

1.      We must determine whether Nevada's ancient lien statute extinguished Citi's deed of trust against a Nevada property. This is a matter of state law and thus we are bound by published decisions of the Supreme Court of Nevada.[1] *See U.S. Bank, N.A., Tr. for Banc of Am. Funding Corp. Mortg. Pass-Through Certificates, Series 2005-F v. White Horse Ests. Homeowners Ass'n*, 987 F.3d 858, 863 (9th Cir. 2021). We may also consider its unpublished decisions. *Id.*

The Supreme Court of Nevada has recently held that a debt becomes "wholly due" for purposes of triggering Nev. Rev. Stat. § 106.240's ten-year expiration period[2] judged only by: (1) the terms of the deed of trust; or (2) any recorded written

---

[1] For this reason, our unpublished disposition in *Jarvis v. Federal National Mortgage Ass'n*, 726 F. App'x 666, 667 (9th Cir. 2018), which depended on Washington state law, is irrelevant.

[2] Nev. Rev. Stat. § 106.240 provides:

> Extinguishment of lien created by mortgage or deed of trust upon real property.   The lien heretofore or hereafter created of any mortgage or deed of trust upon any real property, appearing of record, and not otherwise satisfied and discharged of record, shall at the expiration of 10 years after the debt secured by the mortgage or deed of trust according to the terms thereof or any recorded written extension thereof become wholly due, terminate, and it shall be conclusively presumed that the debt has been regularly satisfied and the lien discharged.

2

extension of the due date. *LV Debt Collect, LLC v. Bank of N.Y. Mellon*, 534 P.3d 693, 697 (Nev. 2023); *see also W. Coast Servicing, Inc. v. Kassler*, 531 P.3d 81, *1 (Nev. 2023) (unpublished). It is undisputed that the terms of the deed of trust did not provide for acceleration upon the filing of a bankruptcy petition or discharge. Thus, contrary to Twinrock's argument, the debt did not become "wholly due" under § 106.240 upon the filing of the bankruptcy petition or the bankruptcy discharge. Therefore, § 106.240 did not extinguish Citi's deed of trust.[3]

Also contrary to Twinrock's argument, the bankruptcy proceeding did not affect the terms of the deed of trust. A secured creditor's lien passes through a bankruptcy proceeding *unaffected* when, as here, such creditor chooses to ignore the bankruptcy proceeding and enforce its lien outside the bankruptcy. *In re Lane*, 959 F.3d 1226, 1229–30 (9th Cir. 2020). Under this "longstanding" principle, *id.* at 1229, neither the bankruptcy petition nor discharge here could have accelerated the debt, causing it to become "wholly due" under § 106.240. Twinrock identifies no Bankruptcy Code provision that conflicts with that conclusion. The district court therefore properly dismissed the claims that hinged on the application of Nevada's ancient lien statute.

---

[3] Because Twinrock relies only on the theory that a bankruptcy petition or discharge triggers § 106.240, we have no occasion to address whether *LV Debt* is ambiguous as to whether the ten-year period could be triggered by an acceleration of the mortgage or deed of trust loan under other circumstances. *See* 534 P.3d at 697–99.

2. Twinrock's unjust enrichment claim similarly depends on the theory that the filing of the bankruptcy petition caused the debt secured by the deed of trust to accelerate and become fixed. As discussed above, such a theory fails because Citi's lien passed through the bankruptcy proceeding unaffected. *See In re Lane*, 959 F.3d at 1229–30. The district court properly dismissed the unjust enrichment claim.

3. The district court also correctly determined that Twinrock was not a bona fide purchaser. "The bona fide doctrine protects a subsequent purchaser's title against competing legal or equitable claims of which the purchaser had no notice at the time of the conveyance." *25 Corp. v. Eisenman Chem. Co.*, 709 P.2d 164, 172 (Nev. 1985) (per curiam).

Citi recorded a lis pendens in May 2017—18 months before Twinrock bought the property. Because there is no allegation that the lis pendens was withdrawn or cancelled by a court order before Twinrock's purchase, Twinrock had constructive notice of Citi's lien and thus is precluded from claiming bona fide purchaser status. *See Tahican, LLC v. Eighth Jud. Dist. Ct. in & for Cnty. of Clark*, 523 P.3d 550, 553 (Nev. 2023) (citing Nev. Rev. Stat. § 14.010(3)); Nev. Rev. Stat. § 14.017; *TRP Fund VIII, LLC v. Bank of Am., N.A.*, 521 P.3d 420 (Nev. 2022) (unpublished).

**AFFIRMED.**[4]

---

[4] Given our disposition, we decline to address Citi's alternative arguments, including that Nev. Rev. Stat. § 106.240 could not have extinguished its deed of trust because the Housing and Economic Recovery Act of 2008, 12 U.S.C. § 4511 et seq., preempts § 106.240.

We also decline to address Twinrock's argument that Nev. Rev. Stat. § 11.190(1)(b) barred Citi from retaining all the proceeds from the nonjudicial foreclosure sale, as it was raised for the first time in its reply brief. *See Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066 n.5 (9th Cir. 2003).